Guy C. Noble *v.* Jeremiah S. Scofield and George W. Kendall.

*Promissory Note. Principal and Surety. Bankruptcy.*

It is no defence to a surety upon a note that when he signed it, the principal thereon was insolvent, and has since obtained a discharge in bankruptcy, where the principal procured the surety to sign without fraud on the part of the payee, and although the payee suggested the suretyship and security against its liabilities as an inducement to it.

Assumpsit upon a promissory note. The defendant, Scofield, pleaded his discharge in bankruptcy in bar to said note, and judgment was rendered upon said plea in favor of said Scofield. The defendant Kendall pleaded the general issue, and also gave notice of special matter in defence. Trial by the court, September term, 1871, Royce, J., presiding.

The note, which was the only cause of action upon which the plaintiff relied, is in the words and figures following:

$600                           Boston, August 2d, 1869.

Twenty days after date, we promise to pay to the order of Morse, Sayward & Co., six hundred dollars, payable at Webster National Bank of Boston. Value Received.

                              J. S. Scofield.
                              G. W. Kendall.

36

Said note was endorsed to the plaintiff Noble for the purpose of collection, and he has no interest in said note, but the same remains and is the property of said Morse, Sayward & Co., who are, and were at the time of giving said note, merchants doing business in the city of Boston.

Said Scofield was adjudged a bankrupt upon a petition for involuntary bankruptcy, which was filed against him on the 13th day of August, 1869, and John J. Burgess was duly appointed assignee of his estate, and said estate was settled in bankruptcy, and a dividend for the creditors of fifteen and one half cents on the dollar was declared on the 6th day of February, 1871. That said note was proved in bankruptcy against said estate, and the dividend amounting to ninety-three dollars and seven cents was received upon said note.

It also appeared that for eighteen months previous to the giving of the note in suit, Morse, Sayward & Co. had been doing business in Boston as merchants, and that during said time, said Scofield had been doing business in St. Albans as a merchant ; that during said time Morse, Sayward & Co. had been in the habit of selling Scofield goods upon credit, and had never, before the giving of this note, asked or received of Scofield any security for the goods so sold ; that this note was given in payment for goods so sold to Scofield, and Morse, Sayward & Co. refused to take the note unless Scofield would procure the signature of the defendant Kendall, or some other responsible person to the note.

That at the time the note was given, Morse, Sayward & Co. and Scofield and Kendall supposed Scofield was solvent, but he was, in fact, insolvent, and his estate only paid fifteen and one half cents on the dollar.

It also appeared that the goods, for which said note was given, had been sold at different times, and that part payments had been made thereon ; and the debt for which the note was given had been due for two or three months before the giving of the note.

The defendant Kendall signed said note as surety, and not otherwise, and at the time he signed it Scofield assigned to him certain accounts which were then due to Scofield, enough in value to secure Kendall for signing said note, and Kendall signed said note

relying upon said assignment and in consideration thereof, and not otherwise.

It also appeared that Mr. Morse, of the firm of Morse, Sayward & Co., was in the habit of traveling for the purpose of selling goods and making collections for his firm. That said Morse called upon said Scofield at his store on Saturday, the 31st of July, for the balance then due said firm, which was about eight hundred dollars, and Scofield replied that he had no money then to pay him, but would pay on the 20th of August. Afterwards Scofield on the following Monday made a note for four hundred dollars, payable in twenty days, without security, and sent to Mr. Morse, which was delivered to him Monday forenoon. Morse met Kendall in Scofield's store Monday forenoon, and told Kendall that the note was not satisfactory, that he ought to have four hundred dollars in cash and the rest secured, saying at the same time that his firm was young, and just at that time were in particular need of funds, and if he would get a note with surety he would raise the money in the bank, and asked Kendall if he would sign with him. Kendall at first said he thought he would, but when he saw the amount he hesitated. Morse told him that Scofield could secure him, and that he was right here where he could attend to it.

Monday night, Scofield saw Morse, and Morse told him the four hundred dollar note was not satisfactory, that he must have at least six hundred dollars with security, and Scofield replied he could not secure him except upon his goods, but that he had some money coming to him on the 20th of the month, and could then pay his debt. Morse then asked him to get Kendall to sign with him, and told him he could secure him for doing so. Scofield said Kendall had already signed with him to a considerable amount, but he would try and get him. Morse then drew a note and handed to Scofield, and he took it to Kendall and turned out to him the accounts as above stated, and Kendall signed it. It did not appear that Morse, Kendall, and Scofield were present together at any one time, nor except as above; that Morse knew that Scofield gave or had proposed to give Kendall any security for signing until long after the note was given.

It also appeared that said J. J. Burgess, after he was appointed assignee of said estate, claimed the accounts which had been assigned to said Kendall as aforesaid, as assets of said estate, and collected the same as such assignee, and afterwards and before the dividend was declared, said Kendall preferred his petition to the district court wherein said bankrupt estate was being administered, setting out the facts and praying said district court to allow him a sufficient sum out of the avails of said accounts to secure him for signing said note, but said district court adjudged said assignment void under the provisions of the bankrupt act, and refused the prayer of the petition, and Kendall never received any benefit whatever from said assignment.

Judgment was rendered for the plaintiff against the defendant Kendall to recover the amount of said note less the sum of ninety-three dollars and seven cents, which was received as dividend from Scofield's estate. Exceptions by the defendant, Kendall.

*Davis & Adams*, for the defendant Kendall.

Kendall signed the note as surety. The law imposes upon the creditor the utmost good faith towards the surety in order to hold him liable. *McCramer* v. *Thomson*, VII. Am. L. R., 92, and cases there cited. *Farmers & Mechanics' Bank* v. *Hathaway*, 36 Vt., 539. The note was given for an antecedent debt which had accrued at different times, and had been due for two or three months. Scofield was then insolvent, and any payment, assignment or transfer of any of his property, directly or indirectly, must be held to have been made with a view to his actual situation. Bankrupt Law, § 35 and notes; 5 B. R. 182. This question was adjudicated before Judge Smalley, as must be inferred from the fact of his decision.

Morse, Sayward & Co. had reasonable cause to believe he was insolvent; hence any payment or assignment of Scofield's property by which they were to be benefited, directly or indirectly, was fraudulent and void. *Stranahan* v. *Gregory & Co.*, 4 B. R., 142 ; *In Re*, Butler, 4 B. R., 91. Equitably the defendant is entitled to recover. *Baker* v. *Briggs*, 8 Pick., 121.

*Noble & Smith*, for the plaintiff.

The opinion of the court was delivered by

WHEELER, J.  When Kendall became surety upon the note for Scofield, he assumed upon himself payment of it, if Scofield should not pay it, and took upon himself the risk of any insolvency or bankruptcy into which Scofield might fall, that should either disable him from paying the note himself, or from repaying Kendall if he should pay it.  One of the payees suggested the suretyship and security against its liabilities as an inducement to it, but Scofield procured Kendall to enter into it.  No fraud in the payees is found.  The insolvency and bankruptcy of Scofield are the very things that Kendall took the risk of, and their occurrence cannot relieve him from his assumption.

Judgment affirmed.