GUMZ *v.* GIEGLING.

1. BILLS AND NOTES — INDORSEMENT BEFORE DELIVERY — JOINT MAKER.

One who indorses a promissory note before it is uttered, and before the payee has indorsed it, is liable as a joint maker.

2. SAME—PAROL EVIDENCE.

In an action against such person, evidence that he was induced to sign the note by the promise of the payee that he should not be held liable thereon is inadmissible, as tending to vary the terms of a written contract by parol evidence.

Error to Manistee; McMahon, J. Submitted January 15, 1896. Decided February 7, 1896.

*Assumpsit* by Rudolph Gumz and others, as copartners, doing business under the firm name of R. Gumz & Co., against Henry J. Giegling and Cornelius A. Waal, on a promissory note. From a judgment for plaintiffs on verdict directed by the court, defendant Waal brings error. Affirmed.

This suit was brought upon a promissory note for $700 dated August 14, 1893, payable to the order of R. Gumz & Co.; one year from date, indorsed by defendant Waal. The defendant Waal pleaded the general issue, with notice that the note was given for a prior indebtedness of defendant Giegling; that Waal, when applied to by plaintiffs to indorse the note, refused to do so, and was induced to indorse the same on the representation of plaintiffs that his signature was to be a matter of form, and not for the purpose of creating any liability on his part, but was to be used only to enable them to have an additional argument and lever to use upon Giegling to induce him to pay the note; and that plaintiffs promised that no claim or demand should be made on him for payment, and that his signature should not be considered as creating any lia·

' bility.   At the conclusion of the proofs, the court directed
a verdict in plaintiffs' favor.

*George L. Hilliker*, for appellant.

*Dovel & Smith*, for appellees.

• GRANT, J. (*after stating the facts*).   Plaintiffs had sold
meat to defendant Giegling, who kept a meat shop in
Manistee.   The account was an open one, and had been
running between four and five months previous to the
date of the note.   They refused to sell him any more
goods unless the account was paid or secured.   Giegling
was unable to pay, and Mr. Schaaf, plaintiffs' agent,
asked him to give a note with an indorsement.   Mr.
Giegling suggested that they see defendant Waal, and
that he might indorse a note for him.   The two went to-
gether to Mr. Waal's office.   Mr. Waal gave evidence to
sustain the facts set up in his notice.   It, however, con-
clusively appears from his own testimony, as well as that
of Mr. Schaaf and Mr. Giegling, that all the conversation
upon which he relies as a defense occurred before the note
was made out and signed.   It is therefore sought to vary
the terms of a plain written contract by parol evidence of
what took place before its execution.   Mr. Waal himself
testified, "After the talk was had all round, we all came
in there; and the note was drawn up and signed at once,
and handed over to Mr. Schaaf."   Time for the payment
was extended one year.   Giegling told Mr. Waal that, if
plaintiffs got this note, they would sell him more meat.

Waal was not the payee upon the note, and indorsed it
before it was uttered, and before the payee had indorsed
it.   He is therefore a joint maker.   *Rothschild* v. *Grix*,
31 Mich. 150.   If the note had been executed by Giegling,
and delivered to plaintiffs, and they had afterwards se-
cured the indorsement of Waal, without consideration,
this defense would have been open to him, under the
authority of *Kulenkamp* v. *Groff*, 71 Mich. 675.   That
decision, however, expressly holds that under the facts of

this case the defense cannot be sustained. See, also, *Aultman & Taylor Co.* v. *Gorham*, 87 Mich. 233.

The learned circuit judge was correct in directing a verdict for plaintiffs.

The judgment is affirmed.

The other Justices concurred.