PHELPS v. ABBOTT.

PROMISSORY NOTES—CONTEMPORANEOUS AGREEMENT—PAROL EVIDENCE.

> A note absolute in form, given for the purchase price of stock, cannot be varied by evidence of a contemporaneous parol agreement by the payee to credit on the note the amount of damages sustained by the maker if other stock previously sold to him for breeding purposes should prove to be barren.

Error to Lapeer; Moore, J. Submitted June 8, 1897. Decided July 22, 1897.

*Assumpsit* by Edwin Phelps against John Abbott upon a promissory note. From a judgment for defendant, plaintiff brings error. Reversed.

*Aug. C. Baldwin,* for appellant.

*Geer, Williams & Halpin* and *E. C. White,* for appellee.

MONTGOMERY, J.    Plaintiff and defendant were, in 1886 and 1887, both breeders of blooded cattle.    The plaintiff resided near Pontiac, and the defendant at Lapeer.    In April, 1887, plaintiff had a public sale of stock at Pontiac, at which defendant was a bidder, and became the purchaser of a cow and calf at $300, and a heifer for $195. After the sale, defendant gave his note to plaintiff for the sum of $495, due in one year, the note being in the usual form of a negotiable promissory note.    Shortly thereafter the heifer was returned, and the purchase price, $195, credited on the note.    This action is brought to recover the residue of the note, $300, and interest.    The defense set up is that, in the spring of 1886, defendant purchased of plaintiff a thoroughbred Hereford heifer named Rosabel at the price of $300, and gave his note in payment; that Rosabel was purchased for breeding purposes, but proved to be barren; that, prior to the public sale in 1887, defendant informed plaintiff that Rosabel was barren; and that the cow and calf and heifer bought in 1887 were purchased by defendant relying upon the statement then made by the plaintiff to defendant that, if future developments disclosed that Rosabel was in fact barren, plaintiff would adjust the purchase price which defendant had agreed to pay for Rosabel in any way that defendant thought would be right, and that such adjustment would be made by allowing such credit on the note in suit as defendant should think just and right, if said heifer Rosabel in fact proved barren.    This defense prevailed in the circuit, and plaintiff brings error.

The testimony by which defendant made his case was given by himself.    He testified:

"The sale was on the fair grounds at Pontiac, and I said to Mr. Phelps, about five minutes before the sale opened, that Rosabel was barren, and that she would not

breed, and that I wanted him to make it right. I told him then that if he didn't make it right, I says: 'If you don't make this right, Mr. Phelps, why, I am done, I have nothing to say here at the sale; but if you will settle the matter as it ought to be done, then I will go on and buy at the sale just as I intended to.' Mr. Phelps said to me right then and there, he says, 'I will do what is right about it;' and with that understanding I went on and bought at the sale, and bought a cow and a calf and a heifer.

"Q. What did Mr. Phelps say that he wanted you to do with reference to the heifer Rosabel?

"A. He wanted me to keep trying. He said to keep trying. He said it emphatically, 'I want you to keep trying.' He said that he wanted me to keep trying; that she might breed yet; and I told him that I would.

"Q. Then, relying on that, you then bought these three head of cattle at the sale?

"A. Yes, sir.

"Q. And in payment of which this note was given?

"A. Yes, sir. * * *

"Q. At the time you went to Pontiac in the year 1887, you went to purchase stock, did you not?

"A. Yes, sir.

"Q. And this animal and various other animals were sold there?

"A. Not this one.

"Q. I mean for the second notes,—these animals.

"A. Yes, sir.

"Q. Will you please repeat precisely what Mr. Phelps said to you at that time?

"A. He said: 'I will do what is right about it. I will do anything that you say.'

"Q. That was all that he said, was it not?

"A. I think that was all, and I said to him that I wanted him to make this matter right. She would not breed, and I wanted credit on the other transaction.

"Q. The other note was not due then?

"A. The other note was not given until the evening of that day."

If we treat this testimony as admissible in this action, it is very doubtful whether it shows that a contract was made which entitled defendant to a credit on the note in suit. It is true, he testified that he "wanted credit on

this transaction." But he does not testify that plaintiff assented to his request. It appears that this conversation was before the purchase of the cow and heifer for which the note in suit was given, and that, after the purchase, the note was given without any deduction on account of the previous transaction.

But we think it was not competent to vary the terms of this note by showing by parol an agreement to reduce the amount agreed to be paid by the amount of damages which defendant may have sustained by reason of the heifer Rosabel having turned out to be barren. The note was absolute in form. By it defendant promised to pay a definite sum at a definite time. The testimony offered was for the purpose of showing that this sum was not payable absolutely, but that in a certain event a less sum was to be accepted in discharge of the note. It is a general rule of law that parol evidence is inadmissible to vary or contradict a written contract; therefore, if a bill or note be absolute upon its face, no evidence of a verbal agreement made at the same time, qualifying its terms, can be admitted. 1 Daniel, Neg. Inst. § 80. It cannot be shown that the sum agreed to be paid was different, nor that an additional sum was to be paid in a certain contingency, nor that a certain sum was to be deducted from the note, or the value of a certain article credited upon it. Id. § 81.

In *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Metc. (Mass.) 39, B. indorsed a note for the accommodation of A., the maker. In an action brought against B. it was sought to show that it was orally agreed at the time the note was made that such sum as should be found justly due to A. upon a certain policy of insurance should be indorsed upon the note. The testimony was held inadmissible as an attempt to vary the express terms of a written instrument by a contemporaneous parol agreement. In *Featherston* v. *Wilson*, 4 Ark. 154, it was held that it could not be shown in an action upon a note that it was agreed by parol that the value of certain hides

should be credited on the note when the amount should be ascertained. So in *Eaves* v. *Henderson*, 17 Wend. 190, it was held that it could not be shown by parol, in defense to an action on a promissory note, that it was agreed at the time of its execution that an account which the maker held against the payee should be deducted from the note. In *Kulenkamp* v. *Groff*, 71 Mich. 675, it was held, in an action against the indorser, that evidence that it was agreed at the time the indorsement was made that the indorser should not be liable, and that the indorsement was made for the accommodation of the payee, was not admissible, on the ground that it tended to vary the terms of a written instrument. The same doctrine was reaffirmed in *Gumz* v. *Giegling*, 108 Mich. 295. In *Cook* v. *Brown*, 62 Mich. 473, it was held that it was not competent for one who was a joint maker in form to show that his liability was that of indorser. See, also, *Wayland University* v. *Boorman*, 56 Wis. 657; *Burnes* v. *Scott*, 117 U. S. 585; *Hyde* v. *Tenwinkel*, 26 Mich. 93; *Martin* v. *Hamlin*, 18 Mich. 354; *Aultman & Taylor Co.* v. *Gorham*, 87 Mich. 233.

It is true that it is always competent to show by parol a total or partial failure of consideration, or that fraud or illegality taints the instrument. But the parol undertaking attempted to be shown in the present case does not fall within these apparent exceptions. It must be kept in mind that in this case the attempt is not to assert a set-off. Defendant's claim, if any, was unliquidated. The defense was possible in this action only if the defendant could attach his alleged agreement to the note itself, and show that plaintiff had agreed to reduce the amount of the note by such a sum as should be found his due on the original transaction, if any. Nor was there a failure of consideration for the note. The attempt is to show that the promise which was made in writing is not in truth the promise which defendant made. We think, under the authorities cited, this should be held incompetent.

Judgment reversed, and a new trial ordered.

LONG, C. J., GRANT and HOOKER, JJ., concurred. MOORE, J., did not sit.