MASON & HAMLIN CO. v. GAGE.

|119 361|
|s78ɴᴡ 130|
|133 ²701|
|119 361|
|142 ²192|

1. APPEAL—FINDINGS OF FACT—REVIEW.
    Findings of fact by the trial court cannot be reviewed where the record shows that the testimony is not all returned.

2. BONDS—CONDITIONS—PAROL EVIDENCE.
    A bond, plain and unambiguous, conditioned for an agent's faithful performance of his duties, cannot be varied by evidence of a parol agreement that the obligation was a conditional one, depending upon immediate notification of the surety, by the obligee, of any default on the part of the agent.

Error to Calhoun; Smith, J.   Submitted October 21, 1898.   Decided February 6, 1899.

Debt by the Mason & Hamlin Company against William C. Gage as surety upon a bond.   From a judgment for plaintiff, defendant brings error.  Affirmed.

*O. S. Clark* and *F. M. Wadleigh*, for appellant.

*Hulbert & Mechem*, for appellee.

HOOKER, J.   The plaintiff is a corporation engaged in the business of selling musical instruments, and its home office is in Boston, Mass.   In January, 1891, William I. Peters, of Battle Creek, was appointed agent for the sale of plaintiff's goods, through one Arnold, who visited Battle Creek for the purpose.   At the time of his appointment, Peters gave a bond to the plaintiff to secure the faithful conduct of, and accounting for, the business and property and money received by him.   Peters seems to have signed the bond and conducted his business under the name of William I. Peters & Co.   Charles Peters, of Chicago, and W. C. Gage, the defendant, signed the bond as sureties.   The date of the bond is January 27, 1891, and its penalty is $1,000, and its condition is as follows:

" *Whereas*, the above-named William I. Peters has become agent and representative of the Mason & Hamlin Organ & Piano Company for the sale of Mason & Hamlin organs and pianos at Battle Creek, Mich., directly and on consignment; and *whereas*, said William I. Peters has undertaken and promised the said company to faithfully perform duties in the above-named capacities, including all duties required of him by said company as they may be set forth from time to time in either written or printed instructions, and at the close of his undertaking as agent and representative, or whenever required, to render a full and true account and make promptly a final settlement with said company by a delivery to said company of all organs, pianos, moneys, notes, leases, contracts, and other property or things of value which may belong to said company, and by payment of all claims due said company by him, either on purchased or consigned goods, including all notes and obligations indorsed and guaranteed by him: Now, if the said William I. Peters shall well and faithfully keep and perform his duties and promises aforesaid, then this obligation to be void; otherwise to be and remain in full force and effect."

The action is upon the bond, and, upon a trial before the circuit judge without a jury, the plaintiff recovered a judgment, upon findings of fact and law, for $1,000. The defendant has brought the case to this court by writ of error, upon exceptions to the findings.

The assignments of error relate only to the findings; hence there is not before us any question upon the introduction of evidence; and, as the record indicates that the testimony is not all returned, we cannot say that any finding of fact is wrong. Counsel in their brief urge that there was no dispute upon some of these questions; but that is not shown by the record.

The substantial grounds of defense appear to have been the following:

1. That, when the bond was given, it was upon the promise by plaintiff's agent to the defendant that the plaintiff should give him (the defendant) prompt notice of any default by Peters.

2. That the contract which the bond was given to secure was changed by the plaintiff and Peters, and that the defendant was thereby released.

3. That an extension of time of payment was given Peters by the plaintiff, whereby the defendant was released.

4. That the plaintiff was dilatory in enforcing payment against Peters, and the defendant was thereby released.

The court, in its supplementary findings, says, in regard to the questions raised,—

"That, in the judgment of the court upon the proofs, there has been no such change in the contract as will relieve the surety on the bond; that the time of payment of the deficit has not been extended; that, under the law and the facts in the case, if there has been laches, it is not to the extent as to relieve the defendant on his bond; and that proof of the agreement to notify the defendant of any default of Peters was not admissible, and will be stricken out as immaterial."

As we have already said, we cannot overturn the judge's conclusions upon disputed questions of fact, and these may all have been disputed, for aught that appears to the contrary.

On the last point, it would seem that the court did not pass upon the testimony relating to the alleged promise that the defendant should be notified at once if Peters should make default, as he states that the proof was inadmissible, and that the same would be stricken out as immaterial. This question should, therefore, be considered. The obligation was plain and unambiguous. It was, so far as appears from the writing, an absolute promise to make good the defaults of Peters. It was proposed upon the trial to show that the bond did not contain all of the contract, and that a portion of it rested in parol, whereby it was proposed to make it appear that this obligation was a conditional one, and depended upon immediate notification of the surety, by the obligee, of the principal's default. Counsel cite the following cases, which fully support the decision of the court upon this question: *Coots* v. *Farnsworth*, 61 Mich. 503; *Cook* v. *Brown*, 62 Mich. 479 (4 Am. St. Rep. 870); *Kulenkamp* v. *Groff*, 71 Mich. 678 (1 L. R. A. 594, 15 Am. St. Rep. 283);

*Aultman & Taylor Co.* v. *Gorham*, 87 Mich. 233; *Mc-Cray Refrigerator, etc., Co.* v. *Woods*, 99 Mich. 272 (41 Am. St. Rep. 599); *Gumz* v. *Giegling*, 108 Mich. 295; *Eaton* v. *Gladwell*, Id. 678; *Harrison* v. *Howe*, 109 Mich. 476. We cannot agree with counsel in their claim that the decisions cited upon conditions precedent are applicable, though we recognize the rule, and have frequently held, that an instrument delivered in disregard of a condition precedent does not ordinarily take effect. This is not such a case. There was no unperformed condition precedent when the bond was delivered.

From an examination of the testimony contained in the record, we are of the opinion that the court did not err in finding or holding that the defendant was not released by plaintiff's laches. See *Ætna Ins. Co.* v. *Fowler*, 108 Mich. 559. It is there said that "the duty which the company owed to the sureties was not a duty of active vigilance, to ascertain whether the agent had been guilty of fraud, * * * but what was due from the employer was good faith to the sureties." Counsel call attention to a letter from the company to its agent Tarbeaux, stating that another agent, Plimpton, had informed it that Peters had sold some pianos, and that it had written Peters repeatedly, but got no reply. Tarbeaux was directed to look after the matter carefully. Apparently he did so, for two days later he wrote, saying that Peters had just sent a draft for $425, and promised to send more. His letter concluded with the statement, "I believe him honest and trying to do his best."

We also think that such evidence as is returned fails to show a release of the surety by reason of an extension of time.

We deem a discussion of other questions unnecessary.

In our opinion, the judgment should be affirmed; and it is so ordered.

The other Justices concurred.