FIRST NATIONAL BANK OF HANCOCK *v.* JOHNSON.

1. BILLS AND NOTES—NOTE PAYABLE TO BANK CASHIER—INDORSE-
MENT—ACTION.
   Suit may be brought by a bank upon a promissory note payable
   to the order of its cashier, though not indorsed by him, where
   the evidence shows that he acted in the transaction for the
   bank.

2. SAME—PAROL EVIDENCE—LIABILITY OF SURETY.
   The liability of a surety on a promissory note is not affected by
   a showing that the payee told him that one of the principals
   was worth a certain sum of money, and that he took no risk
   in signing the note; there being no evidence to show that the
   principal was not worth the sum stated.

3. SAME—CONSIDERATION.
   A consideration passing to the principal of a promissory note
   is sufficient to support the promise of the surety.

4. SAME—RENEWAL NOTE—INSOLVENCY OF PRINCIPAL—RELEASE
OF SURETY.
   The liability of a surety on a renewal note, who also signed the
   original note, is not affected by the payee's failure to inform
   him that one of the principals had lost her property since the
   making of the first note.

Error to Houghton; Streeter, J. Submitted June 3,
1903. (Docket No. 21.) Decided July 8, 1903.

*Assumpsit* by the First National Bank of Hancock
against Andrew Johnson on a promissory note. From a
judgment for plaintiff on verdict directed by the court,
defendant brings error. Affirmed.

*W. A. Burritt*, for appellant.

*Hanchette & Lawton*, for appellee.

CARPENTER, J. This suit was brought to recover the
amount of a note, upon which defendant was an accom-
modation maker. The court below directed a verdict for

the plaintiff.   Defendant seeks a reversal on several grounds.

1. The note was payable "to the order of William Condon, cashier, at First National Bank, Hancock, Michigan." It was never indorsed by Condon, though the evidence showed him to be plaintiff's cashier, and that he acted in the transaction for the plaintiff. It is insisted that, under these circumstances, suit could not be maintained in plaintiff's name. This objection is fully answered by *Garton* v. *Union City Nat. Bank,* 34 Mich. 279.

2. Defendant, legally speaking, was a surety on this note. The principals were Allen Kirkpatrick and his wife, Mrs. E. A. Kirkpatrick. He offered testimony tending to prove that, when he signed the note for which the note in suit was given as a renewal, plaintiff's cashier informed him that Mrs. E. A. Kirkpatrick owned property to the value of $10,000, and that he "took no risk" in signing it. Defendant contends that this evidence, together with other evidence offered by him, made a case for the consideration of the jury, and that the court therefore erred in directing a verdict. It is a sufficient answer to this claim to say that there was no evidence, either introduced or offered, tending to show that Mrs. Kirkpatrick was not worth $10,000 at the time the original note was executed, and that the statement that defendant "took no risk" in signing the note had no effect upon the obligation he incurred by signing it. *Adair* v. *Adair,* 5 Mich. 204 (71 Am. Dec. 779); *Hyde* v. *Tenwinkel,* 26 Mich. 93; *Phelps* v. *Abbott,* 114 Mich. 88 (72 N. W. 3); *Mason & Hamlin Co.* v. *Gage,* 119 Mich. 361 (78 N. W. 130).

3. Nor can we agree with defendant that there was any want or failure of consideration. It is proved that, at the time the first note was signed, the money secured thereby was advanced to the Kirkpatricks. No authority need be cited to the proposition that this constituted a legal and sufficient consideration for defendant's promise.

4. Defendant's counsel contends, as we infer from his

brief, that it was the duty of the plaintiff's cashier, when the renewals were signed, to inform defendant of his knowledge of Mrs. Kirkpatrick's changed financial condition (she had, as defendant claims, lost her property), and that the failure to do so was evidence of fraud. The notice attached to defendant's plea did not apprise plaintiff of any such theory, nor do we think the theory sound under any notice. It is sufficiently answered by saying that defendant was under a legal obligation to pay the original note, and he was in no way damnified when he satisfied that obligation by giving another of the same character.

We discover no error in the record, and the judgment of the court below is therefore affirmed.

The other Justices concurred.