CANNON *v.* McINTYRE.

1. APPEAL AND ERROR—SUFFICIENCY OF EVIDENCE.
  Where, in his certificate to the bill of exceptions, the circuit judge returns that not all the testimony is contained therein, this court cannot say that the judgment is not justified by the evidence.

2. SAME—SUFFICIENCY OF FINDINGS TO SUPPORT JUDGMENT.
  The objection that there are not sufficient facts to support the judgment cannot be raised where plaintiff in error did not request further findings.

3. BILLS AND NOTES—CONDITIONAL DELIVERY.
  Whether the parties to a negotiable paper may agree upon its conditional delivery to the payee, quære.

Error to Calhoun; Hopkins, J.    Submitted February 2, 1905.    (Docket No. 223.)    Decided May 12, 1905.

Assumpsit by Clinton D. Cannon against Abraham R. McIntyre on certain promissory notes.    There was judgment for defendant, and plaintiff brings error.    Affirmed.

*F. W. Loomis,* for appellant.

*Stewart & Sabin,* for appellee.

MOORE, C. J.    This case is brought here by writ of error.    Plaintiff sued upon a promissory note reading:

"$250.00.                              Feb. 14, 1902.

" Nine months after date I promise to pay to the order of Clinton D. Cannon Two Hundred and Fifty & no-100 Dollars at——without interest.    Value received.

"A. R. McINTYRE.

" Due, 11—14—'02. "

And upon another one which was due in three months, and was for $300.

The case was tried before the circuit judge.    Before he rendered judgment the plaintiff requested him, in writing, " that, in case the court finds for the defendant, that the defense or defenses upon which relief is granted be stated in his decision, and further that the facts in evidence in which such defense or defenses are found to exist be also stated."    The judge made the following findings:

" This is an action of assumpsit on two promissory notes given by the defendant to the plaintiff in payment for stock in the Cannon Metal Wheel Works Company, Limited.    The defense gave notice of recoupment, set-off, failure of consideration, fraud, and nondelivery of the notes upon which the action is brought; but upon the trial fraud, failure of consideration, and nondelivery, or delivery upon condition, were the only defenses relied upon, and relating to which evidence was offered.    *   *   *

" After a careful consideration of the testimony, the court finds that the defense of fraud is not established. The evidence does not show any such false statements or misrepresentations as would amount to fraud, either legal or actual.    The defendant had ample opportunity to examine into not only the validity of the patent, but the construction of the wheels, for the manufacture of which the above-named company was organized.    He cannot now, after such opportunity to investigate and decide for himself was afforded him, be heard to complain that he was deceived by the plaintiff.

" It also appears from the testimony that the stock has, or did have at one time, some value, and that the defendant has received something upon his stock upon a liquidation of the affairs of the company.    The defense of failure of consideration is not established by the evidence.

" There remains to be considered the defense of the delivery of the notes in escrow as stated in the pleadings,

but which might with more propriety be described as a delivery upon condition. It is claimed by the defendant that these notes, together with another one executed at the same time, and all given in payment for stock in the above-named company, were delivered to the plaintiff upon the agreement that they should not be transferred by the plaintiff, and not to be paid until the success of the company was assured. This agreement as to the non-transfer of the notes, and that they were not to be paid until the success of the company was assured, is denied by the plaintiff. No rule of law has been cited by counsel which will permit the consideration of parol testimony to contradict the written terms of the instrument designating the time at which payment is to be made.

"It appears from the testimony of both parties that at the time of the execution of the notes it was proposed by the defendant to execute a contract which, together with the notes and the stock for which the notes were given in payment, were to be placed in a bank, and when the notes were paid the plaintiff was to execute a transfer of the stock to the defendant. This proposition was not acceded to by the plaintiff. His testimony upon this point is as follows:

"'I told him I thought there was a better way to get at it, and I didn't really like the contract, anyway, because it was lacking in some respects; and I says: "I will tell you what I will do: I will sign the transfer of this stock right over to you, and deliver it, and you can deliver the notes to me. That makes the stock all paid for, and then all you will have to do is to settle for the notes afterward." And that was the whole of the agreement.'

"From this testimony of the parties, it appears there was some agreement between the parties relating to the delivery of the notes—something, as he says, to be 'got at,' which is inconsistent with the unconditional delivery of the notes, upon which plaintiff must rely for a recovery in this case. While the conditions of the delivery do not clearly appear, and the testimony of the parties in regard thereto is conflicting, and while this defense might not be available in the hands of an innocent purchaser of the notes for value, it is apparent that there was some agreement between the parties in the nature of a condition attached to the delivery of these notes, and that this agreement was of such a nature as to be available as a defense between the original parties to the transaction, which agreement can be shown by parol evidence.

" A judgment of no cause of action may be entered upon this finding with costs to be taxed."

It is now said the finding of the court was contrary to the evidence, that there were not sufficient facts to support the judgment, and that those found support a judgment for the plaintiff instead of for the defendant. No request was made of the circuit judge that he make amended or further findings. See Circuit Court Rule 26, subd. *b.*, and cases cited in the note.

In his certificate to the bill of exceptions, the circuit judge returns that not all of the testimony is contained therein. Under these circumstances, we cannot say the judgment was not justified by the testimony. See *Cragin* v. *Gardner*, 64 Mich., at page 404, and the many cases there cited. *Merrill* v. *Newton*, 99 Mich., at page 229.

The ground upon which plaintiff urges that the facts found do not support the judgment for defendant, and do warrant a judgment for the plaintiff, is this: That the facts found "should have shown what the condition was, and, as they failed to do so, the judgment should fall." Had plaintiff desired the findings to show precisely what the condition was, he should have made a request for further findings. Having failed to do that, he cannot now raise the objection under consideration.

To avoid any misapprehension, we deem it proper to say that we do not feel ourselves at liberty, on this record, to consider whether, under the doctrine of *Phelps* v. *Abbott*, 114 Mich. 88, parties to a negotiable paper may agree upon its conditional delivery to the payee. Appellant's entire argument for the reversal of this case assumes the validity of such an agreement.

Judgment is affirmed.

CARPENTER, McALVAY, GRANT, and BLAIR, JJ., concurred.