HACKLEY NATIONAL BANK OF MUSKEGON, MICHIGAN, Appellant, vs. BARRY, imp., Respondent.

*February 16—April 20, 1909.*

*Bills and notes: Conflict of laws: Signing on back before delivery: Indorser or joint maker? Evidence of intent.*

1. A note made in Michigan was sent by the maker to defendant in this state for his signature. Defendant signed it on the back, and by direction of the maker sent it to the payee in Michigan. *Held,* that defendant's liability on the note was governed by the law of Michigan.
2. Under the law of Michigan the presumption that defendant was an indorser only, arising from the fact that his signature was on the back of the note, was rebutted by proof that he signed before delivery of the note; and such signature, not otherwise explained, renders him liable as a joint maker.
3. Neither under the law of Michigan nor under that of Wisconsin can the apparent obligation of defendant, assumed by signing the note as he did, be varied by proof of his mental purpose in the transaction, whether communicated to other parties to the note or not.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

Action to recover on a promissory note.

The note sued on was for $10,000. It purported to have been made at Muskegon, Michigan, December 15, 1904, by the Chicago & Muskegon Transportation Company, payable four months after date to the order of the *Hackley National Bank,* at such bank, in Muskegon, with interest at six per cent. per annum. It was signed on the back by defendant *Peter Barry.*

The complaint stated the facts aforesaid and that the transaction created a Michigan contract; that *Barry* signed his name on the back before delivery, and that by the law of Michigan such signing rendered him liable as a joint maker. Judgment was prayed for accordingly.

*Barry,* by counsel, answered, among other things, that he was not liable on the note as a joint maker because he signed the same at the city of Milwaukee, Wisconsin, as an indorser only, without receiving value for so doing, and no notice of dishonor of the note was given to him.

It was conceded on the trial that *Barry* could not be held as an indorser for want of proceedings to charge him with such liability, and that if he was liable at all it was as joint maker.

The evidence was to the effect that the note was sent by the maker or his agent to *Barry,* for his signature; that he signed and by direction of the maker sent the paper to the payee at Muskegon, Michigan.

Decisions of the supreme court of Michigan, hereafter indicated, were pleaded and offered in evidence, to the effect that, in case of a person, not the payee, signing his name on the back of a promissory note before delivery, for value, by the maker to the payee, the contract of such signer is ambiguous and its real nature is determinable in the light of the circumstances of the transaction, which may be established by parol to aid in construing the paper. In *Cook v. Brown,* 62 Mich. 473, 29 N. W. 46, the court held as to such an indorsement as the one in question, "resort may be had to parol evidence and to all the circumstances surrounding the transactions of the parties having any bearing upon the subject, to establish the true relations of the parties to the note, and to each other." In *Moynahan v. Hanaford,* 42 Mich. 329, 3 N. W. 944, the name of a person not the payor of a note appeared on the back thereof, and it was held that, *prima facie,* he did not intend to sign as a joint maker but rather as a surety; that the ambiguity charged any person to whom the paper might come with knowledge of the real facts. In *Barger v. Farnham,* 130 Mich. 487, 90 N. W. 281, such an indorsement was held to be irregular and that resort to parol evidence is permissible to determine the nature of the con-

tract. Evidence was allowed showing that *Barry,* as before indicated, placed his name on the paper before delivery. He was permitted to testify that when he signed at Milwaukee, neither the maker nor the payee being present, he did so with the mental purpose to become an indorser only.

On that state of the case each side moved the court for a verdict and the motion on behalf of the defendant was granted, the one on the part of the plaintiff being denied.

For the appellant there was a brief by *Winkler, Flanders, Bottum & Fawsett,* and oral argument by *C. E. Monroe.*

For the respondent there was a brief by *McCabe & Dahlman,* and oral argument by *L. A. Dahlman.*

The following opinion was filed March 9, 1909:

MARSHALL, J. It is the opinion of the court that the contract is governed by the law of the state of Michigan. Contrary to the law here, by the decisions of the supreme court of such state, the *prima facie* indication, by the mere fact of the name appearing on the back of the note, was rebutted by proof that it was so signed before delivery. To that extent proof of the circumstances under which the name was signed was admissible. But was the *prima facie* showing so made, under the Michigan law, that *Barry* became liable as a joint maker, rebuttable by proof of his mental purpose in signing as he did, not communicated to any one? We fail to find anything in any of the decisions offered in evidence going that far, or anything to that effect in any other decision cited to our attention, or which we have been able to find.

True, the law of Michigan is that such a contract as respondent made is ambiguous and that proof of all circumstances of making it may be given in evidence to enable the court to construe it. The law is that way, generally. There are instances of its having been carried so far, in case of a note of the sort under consideration, as to sanction admission of evidence of what the signer and the person or other parties

to the transaction of signing said on the occasion, but there is
no instance of the kind in Michigan, so far as we can dis-
cover.

Proof of the surrounding circumstances of the making of
a contract does not mean proof of what the parties said at the
time of such making, much less what a party said or thought,
in a purely private way.   One is evidence to enable the court
to construe the contract.   The other evidence to vary it.   The
former is admissible on familiar principles.   The latter is
not upon principles quite as familiar.

This court held in *Steele v. Schricker,* 55 Wis. 134, 12 N.
W. 396, that

"Oral conversations had between the parties to a written
contract cannot be received as explanatory of the writing.
Such conversations do not come within the rule that 'you may
show the facts surrounding the parties at the time, and the
situation in which they were placed, in order to interpret the
meaning of what they said in their contract.' . . . 'Evidence
which is calculated to explain the subject of an instrument is
essentially different in its character from evidence of verbal
communications respecting it.' "

Our books are replete with statements and applications of
that rule.   *Brittingham & H. L. Co. v. Manson,* 108 Wis.
221, 84 N. W. 183; *Blackman v. Arnold,* 113 Wis. 487, 89
N. W. 513; *Excelsior W. Co. v. Messinger,* 116 Wis. 549, 93
N. W. 459; *Loree v. Webster Mfg. Co.* 134 Wis. 173, 114 N.
W. 449.   It has been applied in many instances to preclude
admission of evidence of what was said between parties to
commercial paper, at the time of the making thereof, to vary
its terms: as that it might be paid in bank notes (*Racine Co.
Bank v. Keep,* 13 Wis. 209); or that the note should not be
negotiated by the payee (*Knox v. Clifford,* 38 Wis. 651); or
that a party purporting to be bound as a payee or indorser
should not be so bound (*Davy v. Kelley,* 66 Wis. 452, 29 N.
W. 232); or that the indorser placed his name on the note

with the understanding that his indorsement should be without recourse (*Eaton v. McMahon,* 42 Wis. 484) ; and many more like instances. The rule is the same in Michigan.

*Gumz v. Giegling,* 108 Mich. 295, 66 N. W. 48, is quite like this case. Proof was made that the person who placed his name on the back of the paper, he not being the payee, did so before it was delivered, making him, by Michigan law, a joint maker. He then offered proof that when he signed it was agreed he should not be held liable. The evidence was held inadmissible because it tended to vary the terms of a written contract by parol evidence. The same principle was applied in *Phelps v. Abbott,* 114 Mich. 88, 72 N. W. 3.

The citations are in harmony with the decisions offered in evidence when it is understood that the right to prove the circumstances characterizing the signing of a note does not include proof of what the parties to the contract said at or before the time of signing, or what one said or thought in a private way.

It follows that, while respondent would not be held liable on the note if it were a Wisconsin contract, because in that event his liability would be that of an indorser, it being a Michigan contract, he is liable as a joint maker, having signed the paper before delivery; that neither by the laws of Michigan nor the laws of Wisconsin can the apparent obligation respondent assumed by signing as he did, be varied by proof of his mental purpose in the transaction, whether communicated to other parties to the note or not. So the motion for a verdict in plaintiff's favor should have been granted.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment in plaintiff's favor as prayed for in the complaint.

A motion for a rehearing was denied April 20, 1909.