SOUTHWESTERN COMPANY *v.* WYNNEGAR ET AL.

[71 South. 737.]

PRINCIPAL AND SURETIES. *Discharge of surety. What effects.*

The creditor is under no obligation without inquiry to disclose to the surety that the principal has not paid a particular indebtedness, and especially is this true when the surety is also a surety

for the previous indebtedness on another contract, for the creditor has the right to presume that the surety, not having made any inquiry of him has ascertained from his principal the state of the previous contract.

APPEAL from the circuit court of Prentiss county.

HON. J. H. MITCHELL, Judge.

Suit by the Southwestern Company against T. J. Wynnegar and others. From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*E. C. Sharp* and *W. H. Kier,* for appellant.

Many instructions were asked by appellant and refused by the court and a peremptory instruction given for appellees.

It was developed during the progress of the trial that the same sureties were also sureties on a former contract between these same parties and on which there was a considerable balance due at the time of the execution of the present letter of credit and that no notice was given to the sureties of the former default.

"The creditor or obligee is not under a duty to disclose all of his dealings with the principal. . . . The creditor or obligee is not under a duty to disclose former trivial defaults of the principal, such as, that he had failed to account, or to remit promptly, or that he had intermingled his funds with those of his employer, nor, in the absence of inquiry, is the creditor or obligee obliged to divulge the indebtedness of the principal." 32 Cyc. 63, and cases cited therein.

The evidence shows that the company had no knowledge of any default; on the contrary, the testimony shows that they did not believe that he was dishonest. True he had not paid up his account; the character of the work made it impossible to pay until the deferred payments were collected. "It is for the jury to determine whether a failure of the obligee to inform the sureties

of a shortage of the principal indicates bad faith.'"  32
Cyc. 66.   Therefore I submit that the case should be re-
versed and remanded.

*Jas. A. Cunningham* and *J. E. Berry,* for appellees.

Where an agent defaults with a principal, and the same
principal afterwards induces a third person or accepts
of a third person, as surety for such agent as a principal
it is the duty of such principal to notify the surety of
such default, and failure to do so vitiates, such surety-
ship altogether.   32 Cyc. 66, subdivision "B."

Inducing this agent to again go out and get sureties
on a letter of credit to whom they looked as sureties to
this defaulting agent certainly vitiates the suretyship
and releases these appellees.

This is not a question to submit to the jury because
the records show first; that the default is not questioned
in the record by appellants, second; that these same
principals were the defaulting agents' sureties at the
time of the prior default, and had no knowledge of the
default, and the appellants had full knowledge of such
default, and failed to inform appellees.   The court there-
fore was eminently right in giving a peremptory in-
struction for appellees.   We insist that the cause should
be affirmed.

.POTTER, J., delivered the opinion of the court.

This is a suit brought by the Southwestern Company,
a book publishing corporation of Nashville, Tenn., a-
gainst T. J. Wynnegar on a letter of credit executed by
T. J. Wynnegar and J. J. Taylor, as sureties guarantee-
ing the account of Paul Wynnegar for books, cash, etc.,
which the said Southwestern Company agreed to furnish
and furnished to Paul Wynnegar.

The only question to be determined in this case is
whether or not the sureties on the letter of credit sued on
are released from liability thereon, because at the time the

letter of credit under consideration was executed the principal in the case, Paul Wynnegar, was already indebted to appellant in a large sum on account of default in a previous contract, and for which previous contract the same sureties were responsible in the sum of six hundred dollars, which fact was not disclosed to appellee or his cosurety; no inquiry with reference thereto having been made. It was contended in the court below that the failure on the part of the appellant to notify these sureties that their principal had defaulted on the first contract was a fraudulent concealment, and that therefore the letter of credit in question was void as to the sureties, and the trial court accepted this view of the case and gave a peremptory instruction in favor of the defendant.

We think this was error. In his brief counsel for appellee relies on the text, 32 Cyc. 66, section (IV), subsection (B), which is as follows:

"Knowledge of a prior default of the principal known to agents of the obligee at the time a surety executed a bond making himself liable therefor, will prevent an action being maintained thereon; but the general rule is that knowledge by a public agent of prior defaults of a public officer will not affect the liability of sureties on the bond of such officer, as a public agent has no authority to represent the state or county in such matters."

The only case cited in support of the text is the case of *Franklin Bank* v. *Cooper,* 39 Me. 542; but that is a case wherein the principal at the time the bond was executed was an embezzler, and his acts of dishonesty were known to the officers of the bank and not to the surety.

This is a different case. The principal in this case, it is true, was insolvent and indebted to the Southwestern Company, but no inquiry was made with reference to whether or not he was so indebted by the sureties. This principal had committed no criminal offense and had been guilty of no act of dishonesty, and the Southwestern Company had reason to believe that the previous indebt-

edness would probably be paid by him. In the case of *Sebald* v. *Citizens' Deposit Bank,* 105 S. W. 130, 31 Ky. Law Rep. 1244, 14 L. R. A. (N. S. ) 377, the court held that mere knowledge on the part of the payee of a note uncommunicated to the surety of the insolvency of the maker at the time the note is executed will not release the surety from liability thereon. And to the same effect are the cases of *Ham* v. *Greve,* 34 Ind. 18, *Farmers' & D. Nat. Bank* v. *Braden,* 145 Pa. 473, 22 Atl. 1045, *First Nat. Bank* v. *Johnson,* 133 Mich. 700, 95 N. W. 975, 103 Am. St. Rep. 468, *Bank of Monroe* v. *Gifford,* 72 Iowa, 750, 32 N. W. 669, and *Noble* v. *Scofield,* 44 Vt. 281, all digested in the note to the above-cited case. While the precise question here presented may not have been the issue in the above cases, the same principle is, for if, when a creditor knows of the insolvency of his principal, he is under no duty without inquiry to disclose such insolvency, though such insolvency is not known to the surety, it follows that the creditor is under no obligation without inquiry to disclose to the principal that the surety has not paid a particular indebtedness, and especially is this true when the surety is also a surety for the previous indebtedness on another contract, for the creditor has the right to presume that the surety, not having made any inquiry of him, had ascertained from his principal the state of the previous contract.

The granting of the peremptory instruction for the defendant was error.

*Reversed and remanded.*