CHAFEE LAND COMPANY, Respondent, vs. SUMPTION and another, imp., Appellants.

*April 7—May 4, 1920.*

*Mortgages: Several notes secured by one mortgage: Transfer of notes: Assignment of security as an incident: Parol agreement as to priority of notes: Effect on holders in due course.*

1. Where land was sold and a mortgage and notes were executed for the purchase price, part of the notes being given to brokers as commission for the sale under a verbal agreement that the note retained by the seller should have priority in the security given, transferees in due course and for value of the notes given the brokers were entitled to a *pro rata* interest in the proceeds realized on foreclosure, the security passing with the notes.

2. The parol agreement that the seller should have a prior right
   to the proceeds realized on a foreclosure sale of the premises
   could not be shown in a foreclosure proceeding, because it
   was evidence which would in effect vary and contradict the
   notes and mortgage.

APPEAL from part of a judgment of the circuit court for
Oneida county: A. H. REID, Circuit Judge. *Reversed.*

This action was brought to foreclose a real-estate mort-
gage, all of the defendants being in default except the de-
fendants *Sumption* and *Knappen,* who appeared and were
made defendants as the unknown assignees of defendant
McGrath.

About April 30, 1918, defendants Eby and McGrath,
real-estate dealers and brokers, proposed to purchase for
defendant Clark certain land belonging to the *Chafee Land
Company.* The price was to be $10 per acre, to be paid on
or before five years, interest at six per cent. to be paid semi-
annually, and all taxes to be paid annually. The *Chafee
Land Company* accepted the proposition and promised Eby
and McGrath that they should have any sum they could
obtain from Clark over $8 per acre. Eby and McGrath
completed the deal with Clark at $10 per acre, and on April
30, 1918, the *Chafee Land Company* conveyed the land to
Clark by warranty deed, and as part of the same transac-
tion took from Clark and wife one note for $29,566.88,
representing the purchase price of the lands at $8 per acre,
and took three other notes representing the $2 per acre
which Eby and McGrath were to receive under the contract
with the respondent for effecting the sale. The notes were
all dated the same day and were payable on or before five
years after date, falling due at the same time, and all secured
by the mortgage in suit. Respondent transferred to Eby
and McGrath the notes representing the $2 per acre, in-
dorsed "without recourse." At the time of the execution
and delivery of these notes and mortgage by the plaintiff to
Eby and McGrath it was agreed and understood that, if

Clark failed to pay the notes and plaintiff was obliged to take back the land by foreclosure proceeding or otherwise, then these notes so turned over to Eby and McGrath should not share *pro rata* in the security of the mortgage, but that the plaintiff should have a prior and superior claim in such security for the amount due it, and that the mortgage security as to the amounts due on the notes transferred to Eby and McGrath should be subordinate and subject to the prior right of the plaintiff to secure payment of its note for $29,566.88 with interest.

Clark defaulted in payment of interest and taxes, whereupon respondent exercised the option provided in the mortgage to declare the whole amount of its note and mortgage due, gave notice thereof to the mortgagors, and brought suit to foreclose. Eby and McGrath were made parties and charged as subsequent incumbrancers. McGrath, prior to the commencement of the suit, had transferred the notes turned over to him, one to *H. L. Sumption* and one to *Theodore Knappen,* who took them in due course for value and without notice of the agreement that such notes were subordinate to the security of the mortgage.

The case was tried before the court. Judgment of foreclosure was entered in favor of the plaintiff and as against defendants *H. L. Sumption* and *Theodore M. Knappen,* adjudging that the plaintiff has a priority in the security of the mortgage as against the defendants *Sumption* and *Knappen.* This is an appeal from the judgment in so far as it adjudges such priority.

For the appellants there was a brief by *Charles F. Smith* and *A. J. O'Melia,* both of Rhinelander, and oral argument by *Mr. Smith.*

For the respondent the cause was submitted on the brief of *S. S. Miller* of Rhinelander.

SIEBECKER, J. There is no dispute in the facts. The appellants *Sumption* and *Knappen* acquired by transfer, in due course and for value, the two notes in question. The

question is, As such holders of these notes are they entitled to share *pro rata* in the mortgage security, or are their claims thereto upon these notes subject and subordinate to the claim of plaintiff upon its note?   By an oral agreement plaintiff and Eby agreed that in case of the foreclosure of this mortgage to secure payment on these notes the plaintiff should have priority in the security over the notes transferred to Eby and McGrath, representing the $2 per acre consideration paid by Clark for the land over and above the $8 per acre received by the plaintiff.   The general rule in this state is that the transfer of these notes carried with it an interest in the security.   *Franke v. Neisler*, 97 Wis. 364, 72 N. W. 887.

The trial court held that although the assignment of the notes in due course for value to *Sumption* and *Knappen* cut off all defenses to the validity of the notes, it did not do so as to the interest in the security, and that the law merchant has no application to the assignment of the security; that though the appellants are innocent holders of the notes for value, they acquired no greater or superior rights in the security than their assignor had at the time of the assignment, and hence their interest in the security is subject to the same defenses that existed against the security in the hands of the prior owners of the security.   This conclusion runs counter to the law in this state.   It was held in *Croft v. Bunster*, 9 Wis. 503, that the mortgage, in case of a transfer of notes secured thereby, passes as an incident to the note, and "It is the debt which gives character to the mortgage, and fixes the rights and remedies of the parties under it, and not the mortgage which determines the nature of the debt."   The rights and remedies of the assignee under a mortgage were held to be co-extensive with those he has under the instrument evidencing the debt.   *Cornell v. Hichens*, 11 Wis. 353; *Andrews v. Hart*, 17 Wis. 297.

In *W. W. Kimball Co. v. Mellon*, 80 Wis. 133, 48 N. W. 1100, it was held:

"The principle is that where the security passes to the

holder of a negotiable promissory note transferred before due, as an incident to the note, nothing is a defense to the security which would not in law be a defense to the note," citing.

There is nothing in the notes and mortgage transferred to appellants or in the indorsement without recourse to charge them with notice of any defense against the notes nor to put them on inquiry in reference thereto. In the *Kimball Case* it is declared that "Although the security may be mentioned in the note, that does not make it necessary for the purchaser to examine into the history of the security," citing. It necessarily follows that the appellants are entitled to the rights and remedies accorded in the law to holders in due course and for a valuable consideration of negotiable notes, and the court erred in receiving evidence of the parol agreement between plaintiff and Eby to the effect that plaintiff should have a prior, superior right to the proceeds realized on foreclosure sale of the mortgaged premises to the rights therein. This evidence in effect varied and contradicted the notes and mortgage. *Hackley Nat. Bank v. Barry,* 139 Wis. 96, 120 N. W. 275.

Appellants are entitled to judgment awarding them a *pro rata* interest in the proceeds realized on the mortgage security.

*By the Court.*—That part of the judgment appealed from is reversed, and the cause remanded to the circuit court with direction to award judgment as indicated in the opinion.