## BRODERICK CO. et v COLGILLE et

Ohio Appeals, 5th Dist, Licking Co

No. 1775

Ralph Norpell, Newark, for the Broderick Co.

Blair & Blair, Portsmouth, for Colgille et.

LEMERT, J.

From an examination of the testimony as revealed by the record, the question before us in this case is not so much the introduction of testimony to change or vary the terms of a written contract as it is the introduction of testimony to show that these contracts were delivered conditionally.

We believe it to be a well founded principle of law that where a party against whom relief is sought on a written contract concedes, or where the proof shows that the contract was placed in the possession of the adverse party, but claims that it was taken with the understanding that it was not to go into effect until some other or further event should happen, and that such event has not·happened, he is not seeking to vary or contradict the contract, but to show that no contract between the parties ever became effective. Evidence of conditions precedent to the taking effect of a written contract is, therefore, admissable.

In the case of Ware v Allen, 128 U. S., 590, and also in Phelps v Abbott, 114 Mich., 88, the following rule is laid down:

"The making and delivering of a writing, no matter how complete a contract, according to its terms, is not a binding contract if delivered upon a condition precedent to its becoming obligatory. In such case it does not become operative as a contract until the performance and happening of the condition precedent."

In the 5 Circuit Court N.S., 344, it was held that parol evidence is admissible in an action between the parties to show that a written instrument executed and delivered, and absolute on its face, was conditional and was not to take effect until another event should take place.

Parol evidence may be admitted under §8121 GC to show that the delivery of a note was conditional and that the note was not to become operative except upon the happening of a certain event.

So, we find and hold that the court below was fully warranted in permitting the parol testimony in this case, and we further note that the court below very properly took care of the law in that part of his charge wherein he said;

"The negotiations, the agreements, and the talk between the parties, * * * "None of these matters can be introduced and considered by a jury to add to, or take away from, or change, the terms of that written contract."

"On the other hand, members of the jury, if contracts are written between the parties, and those contracts are not delivered, or if some condition remains before they go into effect and such is the agreement of the parties, verbal testimony is permitted to prove that, or attempt to prove it."

Therefore, entertaining the above views on this case, we find no error therein, and it follows that the judgment of the Court of Common Pleas will be, and the same is, hereby affirmed.

· Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.