## Valentine M. Hyde and another v. Charles Tenwinkel.

*Promissory notes: Evidence.* In an action upon a promissory note it is not competent to show an oral contemporaneous agreement, to reduce the note from an absolute and specific undertaking according to its terms and legal import, to a defeasible engagement; and an offer to prove that the consideration of the note was the delivery of two policies of insurance and the payment of a loss upon another policy, with interest, and without delay, litigation or expense, and that such policy was only paid at the end of a year, after litigation, and without interest, and that the note was delivered only for this purpose and intent, and not as an absolute unconditional promissory note, amounts to nothing more.

*Promissory notes: Endorsement: Title: Waiver.* Where the endorsement of a prior holder of the note, was not proved on the trial, but the note was admitted in evidence without objection, and no question was specifically raised below, of the title of the plaintiff, the defendant will not be allowed on error, to raise that question upon the refusal to charge simply that the evidence was insufficient to entitle the plaintiff to recover; such a course of action amounts to a waiver of all right to controvert the fact of transfer of the note to the plaintiff in regular course.

*Heard October 25. Decided October 29.*

Error to Wayne Circuit.

*H. M. & W. E. Cheever,* for plaintiffs in error.

*John  W.  McGrath*  and  *C.  I.  Walker*,  for  defendant  in
    error,  cited:  *2  Parsons  on  N.  and  B.,  508  to  513  and
    notes; Dow v. Tuttle, 4 Mass., 414; Foy v. Blackstone,
    31  Ill.,  538;  Swank  v.  Nichols,  24  Ind.,  199;  Jones  v.
    Phelps, 5 Mich., 218; Adair v. Adair, 5 Ibid., 204.*

GRAVES, J.

This was a suit by defendant in error, upon a promis-
sory note dated October 15, 1870, made by Valentine M. Hyde,
and  endorsed  by  Harriet  Z.  Hyde,  payable  to  Tenwinkel
&  McCune,  and  endorsed  to  defendant  in  error  by  the
payees.    The  plaintiffs  in  error  gave  notice  with  their
plea of the general issue, that they should show that the
note  was  given  conditionally,  to  be  paid,  if  at  all,  out  of
certain  insurance  money,  if  that  should  be  paid  without
suit  or  litigation,  and  that  it  was  not  paid  without  litiga-
tion, Harriet Z. Hyde being compelled to sue to recover it.
They  also  gave  notice  that  they  should  show  that  no  con-
sideration  passed.    The  execution  of  the  note  was  not
denied.

On  the  trial  the  note  was  offered  in  evidence  *without*  any
proof  of  the  endorsement  to  Tenwinkel,  and  no  objection
being made, it was received and read in evidence.

The  plaintiff  below  thereupon  rested,  and  counsel  for
defendants  below,  then  proposed  to  give  in  evidence  certain
circumstances  connected  with  the  giving  of  the  note,  as
indicated  by  the  notice  of  defense.    That  offer  is  stated  in
the  record  as  follows:    " We  offer  to  prove  that  the  con-
sideration  for  this  note  was  the  delivery  of  two  endowment
policies  of  the  Continental  Life  Insurance  Company,  and
also  the  payment  of  a  life  policy  of  Dr.  Charles  A.  Hyde
(who  was  then  deceased),  of  five  thousand  dollars,  with

interest in full, without delay, without litigation or expense to the defendants, but that defendants were put to the expense of litigation for a year, and then received the five thousand dollars without any interest, and without the costs of the litigation; that the endowment policies, having been received by defendants, were subsequently returned to the plaintiff, and were in his hands when this suit was begun, and that he now holds them, and has held them ever since; that this note was delivered to plaintiff for the purposes and intents above set forth, *and not as an absolute unconditional promissory note."*

The court rejected the offer, and no further evidence being proposed, the counsel for the plaintiffs in error desired an instruction, that no recovery could be had under the evidence; but this was refused, and the jury returned a verdict for Tenwinkel. These rulings present the only questions raised by the record.

This offer of proof by plaintiffs in error, was properly rejected. The obvious purpose, as indicated by the notice and as urged by counsel, was to show a verbal contemporaneous agreement or understanding, to reduce the note from an absolute and specific undertaking according to its terms and legal import, to a defeasible engagement, and this was certainly inadmissible. In addition to the authorities cited in the brief, see *Perkins v. Young, 16 Gray, 389 ; Allen v. Furbish, 4 Gray, 504; Selden v. Myers, 20 How., 506 ; Bank of Albion v. Smith, 27 Barb., 489.*

The terms of the offer asserted that there was a good and valuable consideration for the note, and hence the defense expressed in the notice that no consideration passed, was definitively set aside. The notice set up no defense by way of reduction or recoupment, and no question of that nature is raised.

The remaining point relates to the refusal to charge

that the evidence was insufficient; and the objection here is, that no evidence was given of the endorsement to Tenwinkel.

The regular time for raising this objection was when the note was offered in evidence to the jury, and before its actual reception as general evidence in the cause, because some proof of the plaintiff's title, if that was not admitted, was a prerequisite to the admission of the instrument as general evidence. The proof of execution, where that is necessary, and of the transfers to show title in the plaintiff, is always preliminary to the introduction of the note as general evidence. It is seen, however, that the plaintiffs in error allowed the note here to be given in evidence without any objection whatever, and precisely as though full proof of the plaintiff's title had been given.

No objection or suggestion was made at any time in the court below that the plaintiff's title was questioned. Even the request to charge was so worded as to convey no hint that proof of the endorsement to the plaintiff was insisted on. The point is first distinctly raised in this court. It is very probable that the proof would have been made if the question had been started when the note was offered to the jury, or even if the request to charge had pointed to the defect. It is a general rule, that when a document is only admissible after preliminary proof, and is allowed by the opposite party to go to the jury without it, the case stands as though such preliminary proof had been made.

There is much reason for applying that rule here. But without relying exclusively upon the failure to object to the admission of the note on the ground that the title of the plaintiff had not been shown, we think *that*, with the failure throughout the trial to indicate any objection of the kind, was calculated to mislead, and ought to be considered as amounting to a waiver of all right to controvert

the fact of transfer of the note to Tenwinkel in regular course.

There is no error, and the judgment must be affirmed, with costs.

The other Justices concurred.