ENOCH G. COOK v. ELIAS BROWN, IMPLEADED WITH WOOL-STON COMFORT.

*Requests to charge—Stating the law correctly—And in such clear and com-prehensive manner as to be most easily understood—Should be given as presented—Unless general charge contains as clear a statement of the law —Most desirable for the consideration of the jury—Mistake of law—By payee in signing as maker on sale of note—Supposing his legal liability the same as if he indorsed the paper—No defense to suit on note—Intro-duction in evidence of note fair on its face—Makes prima facie case— Which must be overthrown by preponderance of evidence—Sale of note by payee—Who signs his name below that of payor—In suit by pur-chaser against him as maker, in absence of fraud or mistake, parol evidence inadmissible to show that he was to be liable as indorser—Rule different where paper is not full and complete on its face, leaving real intention of parties in doubt.*

1. Where for want of time the trial judge is not able to prepare and give, in his general charge, that *clear* and *succinct* statement of the law most *desirable* for the consideration of the jury, requests to charge which state the law *correctly,* and in such *clear, terse,* and *comprehen-sive* manner as to be most *easily* understood by the jury, should be given in the *language* in which they are presented.

2. Where the payee in a note sold it before maturity for a valuable con-sideration, and at the request of the purchaser signed his name below that of the payor,—

| 62 | 473 |
| 73 | 620 |
| 62 | 473 |
| 75 | 29 |
| 62 | 473 |
| 87 | 236 |
| 62 | 473 |
| 92 | 221 |
| 62 | 473 |
| 110 | 624 |
| 62 | 473 |
| 114 | 92 |
| 62 | 473 |
| 119 | 363 |
| 62 | 473 |
| s29NW | 46 |
| s 4A8R | 870 |
| 131 | ⁵233 |
| 62 | 473 |
| 134 | ¹635 |

*Held,* in a suit on the note, in which he claimed to have signed as an indorser, and supposed his legal liability would be thus measured, that such mistake was one of *law,* and no defense to the action.

3. In a suit on a promissory note, fair on its face, the introduction in evidence of the note makes out a *prima facie* case for the plaintiff, to overcome which the *burden* of proof is on the defendant, who must establish his defense by a *preponderance* of evidence.

4. The payee in a promissory note sold it before maturity for a valuable consideration, and at the request of the purchaser signed his name below that of the payor, thereby making it on its face a joint and several note, and in a suit thereon by the purchaser sought to show by parol testimony that it was agreed that his liability should be that of an indorser.

    *Held,* that the note being *full* and *complete* upon its *face,* and no *fraud* or *mistake* being imputed, it could not be changed or modified by *parol* evidence.[1]

5. When a promissory note is indorsed in *blank,* or the parties' names are so placed upon the instrument, or the contract is so *ambiguous* upon its face, as to leave the *real* intention of the parties in *doubt,* resort may be had to *parol* testimony, and to all the circumstances surrounding the transactions of the parties having any bearing upon the subject, to establish the true relation of the parties to the note, and to each other.

Error to Lenawee. (Howell, J.) Argued July 9, 1886. Decided July 15, 1886.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Millard & Weaver,* for appellant.

*Bean & Lane,* for defendant.

[The main point decided is so fully fortified by authorities cited in the opinion, p 479, that the briefs of counsel are omitted.—REPORTER.]

SHERWOOD, J. The action in this case was assumpsit upon the common counts to recover the amount due on a promissory note given by defendant Comfort, on the first day of February, 1883, to the defendant Brown, made payable to

---

[1] See *Coots v. Farnsworth,* 61 Mich. 497.

him or bearer, for the sum of $500, and interest at 8 per cent., due February 1, 1884.[1]

About the twenty-sixth of April, 1883, Brown sold the note to the plaintiff, for its full value, and when he transferred it signed the same, placing his name thereon, at the request of the plaintiff, directly under that of Comfort. In this form it was received by the plaintiff, and upon its face is a joint and several note.

When the note became due it was not paid, and the plaintiff gave no notice to defendant Brown of its non-payment. Comfort, in January, 1885, became insolvent, and unable to pay the note, and on the twenty-fifth day of March following plaintiff commenced this suit in the Lenawee circuit.

The cause was tried before Judge Howell, by jury, and verdict given for defendant.

Plaintiff brings error.

Elias Brown alone makes defense.

The claim of the defendant is—

1. That he was an indorser, and not a maker, of the note, and that such was in fact his contract with the plaintiff when he let him have the note ;

2. That no notice of protest was ever given to him ;

3. That he never waived notice of protest ;—

and he was allowed to give evidence of these facts.

The plaintiff insists that the note shows Brown to be a joint maker ; that no fraud or mistake is claimed, and parol evidence cannot be introduced to show that, by the contract of the parties, he is an indorser only ; that by the contract proved he is a maker, and not an indorser ; that if he was an indorser, he waived notice of protest ; that unwarranted statements made by counsel closing the argument on the part of the defendant, greatly prejudicial to the plaintiff, were al-

---

[1] "$500.00       RAISIN, 2d month, 1st, 1883.

"One year after date I promise to pay to Elias Brown or *bearer* five hundred dollars, at Comfort's Roller Mills, value received, with 8 per cent. interest.

"WOOLSTON COMFORT.
"ELIAS BROWN."

lowed to be made to the jury; and that the circuit judge erred in his rulings upon the trial, and in failing to charge as requested, and in the charge as given, greatly to his injury in the case.

The record furnishes us with nothing that was said by defendant's counsel to the jury in his argument, and we can therefore take no further notice of the complaint made upon that subject.

If the theory of the defendant's counsel was correct, and the court so held, it was competent for the plaintiff, by any legitimate testimony, in offering his rebutting evidence, to show that when the defendant Brown signed the note it was understood by the parties that his liability upon the note was to be that of maker, and not indorser, and to meet, so far as the plaintiff could, the defendant's testimony upon that subject; and, further, it was proper for the plaintiff to show, by any competent testimony, that if the jury should find the fact to be that the defendant Brown was indorser, that he waived his right to notice of protest.

The court's rulings upon the rejection of the testimony for the above-mentioned purposes, and which constitute the plaintiff's assignments of error numbered from 1 to 9, inclusive, were not correct, and exceptions thereto were well taken.

Counsel for plaintiff presented ten requests for the court to charge.

The first request was sufficiently given.

Under the theory of defendant, the plaintiff's fourth, fifth, sixth, and seventh requests should have been given to the jury in the language requested. They are as follows:

"4. It is no defense to this note that the defendant, when he signed the same, did not understand the legal effect of signing it as he did, or that he supposed his liability would be that of an indorser merely. His mistake of the law, if there was such mistake, would be no defense.

"5. The note, being fair on its face, makes a *prima facie* case in favor of the plaintiff. To overcome this, or to make out a defense, the burden of proof is on the defendant. In any disputed question of fact, as to anything which is neces-

sary to make out the defense, the jury should not find the defense established unless they are satisfied, by a preponderance of evidence, that the fact is as claimed by the defendant.

" 6. Even if the defendant was an indorser of the note, and not a maker, and if no notice of the non-payment of the note was given him within the time required to make him liable, if he subsequently, with knowledge of the fact that such notice had not been given, promised to pay or 'fix it up,' or any equivalent words, meaning thereby to arrange for its payment, this would be a waiver of the want of notice, and he would be liable as though the notice had been duly given.

" 7. The note being by its terms payable to Elias Brown or bearer, would make it payable to any lawful holder without any indorsement by Brown. No such indorsement would be necessary to enable such holder to collect it, or maintain a suit thereon in his own name. He being named as payee in the note, therefore, affords no presumption that his signature at the bottom of the note was made as indorser, and not as maker."

These requests were all based upon the facts brought out upon the trial, under the defendant's theory of the case. It may be said, with much plausibility, that very much of the substance of these requests was given; but it is not infrequently the case at the circuit that the trial judge, for want of time, is not able to prepare and give, in his general charge, that clear and succinct statement of the law he would like to make, and which is most desirable for the consideration of the jury ; and in all such cases, where the requests to charge presented by counsel state the law correctly, and in such clear, terse, comprehensive manner as to be most easily understood by the jury, it is not only proper but the duty of the court to give the requests in the language presented.[1]

The fourth request is sustained by *Martin v. Hamlin*, 18 Mich. 364, and cases there cited.

The fifth request is supported by *Good v. Martin*, 95 U. S. 97, and *Derry Bank v. Baldwin*, 41 N. H. 434.

[1] See *Mynning v. D., L. & N. R. R. Co.*, 59 Mich. 257 (head-note 2); *Kendrick v. Towle*, 60 Id. 364 (head-note 2); *Cicotte v. Church of St. Anne*, Id. 552 (head-note 4); *Lewis v. Rice*, 61 Id. 98 (head-note 3).

The sixth and seventh requests are so elementary as to need no citation of authorities to support them. The plaintiff's eighth request was properly refused. There were disputed facts to be passed upon before the conclusion asked could be reached.

The remaining requests of plaintiff's counsel raise the principal question in the case. They are as follows:

" 2. What the contract was between these parties is to be determined by the writing,—the note itself. This is not to be controlled or altered or varied by proof of any parol or verbal agreement or understanding between them at or before the time of signing the note.

" 3. It is not competent for the defendant to show, by parol or verbal testimony, as against the terms of the written instrument, that the agreement or understanding of the parties was that his liability should be that of an indorser only, nor that he was to be an indorser, or liable as such, only until the note should become due, and no longer, and all such testimony must be disregarded by the jury."

" 9. It would make no difference with the liability of Brown, as maker of the note, that it was not signed by him at the time it was originally made by Comfort. His liability would be the same if he subsequently signed it, and sold and delivered it to the plaintiff for a valuable consideration, as if he had signed it when first made.

" 10. It is claimed by the defense that though the name of the defendant appears on the note in the place of a maker, it was understood and agreed that he was only to stand as indorser, and that only until the note became due. The burden of proving such an agreement is on the defendant, who sets it up, and to prove it by a preponderance of testimony. It is not enough that one party so understood and intended it. It must appear that both concurred in it, and so agreed. To make a contract required the meeting of the two minds. Without this it was no contract."

The rights claimed by the defendant in this case are those of indorser of the note.

Upon the face of the note, as the name appears, he is clearly a maker of the note.

In the one case, whether or not his liability shall continue after the note becomes due is contingent.

In the other, his liability is absolute until the note is paid.

The difference between the two .contracts is substantial and important. When the contract is full and complete upon its face, whether it shows one or the other, and no *fraud* or *mistake* is imputed, it cannot be changed or modified by parol evidence.

When, however, the indorsement is in blank, or the parties' names are so placed upon the instrument, or the contract is so ambiguous upon its face, as to leave it doubtful what the real intention of the parties is, then resort may be had to parol evidence, and to all the circumstances surrounding the transactions of the parties having any bearing upon the subject, to establish the true relation of the parties to the note, and to each other.

This we understand to be the tenor of the decisions in this Court, and of the authorities elsewhere which best commend themselves to our judgment. *Adair v. Adair*, 5 Mich: 210; *Jones v. Phelps*, Id. 222; *Martin v. Hamlin*, 18 Id. 354; *Hyde v. Tenwinkel* 26 Id. 93; *Ortmann v. Canadian Bank of Commerce*, 39 Id. 518; *Sibley v. Muskegon Nat. Bank*, 41 Id. 196; *Rothschild v. Grix*, 31 Id. 150; *Greusel v. Hubbard*, 51 Id. 95; *Herbage v. McEntee*, 40 Id. 337; *Moynahan v. Hanaford*, 42 Id. 329; *Finan v. Babcock*, 58 Id. 301; *Stevens v. Oaks*, Id. 343; *Coots v. Farnsworth*, 61 Id. 497; *Faneuil Hall Bank v. Bank of Brighton*, 16 Gray, 537; *Derry Bank v. Baldwin*, 41 N. H. 434; *Haines v. Dubois*, 30 N. J. Law, 263; *Erwin v. Saunders*, 1 Cow. 249; *Chaddock v. Vanness*, 35 N. J. Law, 522; *Hoare v. Graham*, 3 Camp. 57; *Goupy v. Harden*, 7 Taunt. 159; *Britten v. Webb*, 2 Barn. & C. 483; *Abrey v. Crux*, 5 Car. & P. 37, 41; *Bank of U. S. v. Dunn*, 6 Pet. 51; *Crocker v. Getchell*, 23 Me. 392; *Wilson v. Black*, 6 Blackf. 509; *Stubbs v. Goodall*, 4 Ga. 106; *Harris v. Newell*, 42 Wis. 689; *Dale v. Gear*, 38 Conn. 15; Edw. Bills, 313; 2 Pars. Cont. 501.

There can be no question as to the completeness of this note, and the relation the parties sustain to it, under the rules above recognized.

We think the plaintiff's four requests last above mentioned should have been given.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.