THE AULTMAN & TAYLOR COMPANY (A CORPORATION) v. PERRY J. GORHAM AND FREEMAN L. DECKER.

*Bills and notes—Surety—Parol evidence—Consideration.*

1. A joint maker of a promissory note cannot limit his liability to that of an indorser by parol testimony that he signed as a surety, and that, by an agreement with the agent of the payee who took the note, he was to be released unless notified of its non-payment.

2. Where a mortgagor, in order to secure the release of the property and further time, gives the mortgagee his promissory note for the debt, which is signed by a third party at his request before its delivery, there is a sufficient consideration to hold both the maker and the surety.

Error to Missaukee. (Aldrich, J.) Submitted on briefs June 12, 1891. Decided July 28, 1891.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*F. O. Gaffney* (*C. P. Thomas,* of counsel), for appellants.

*Sawyer & Bishop,* for plaintiff.

LONG, J. This suit was brought in justice's court upon the following promissory note:

"$72.12. LAKE CITY, February 27, 1887.

"Nine months after date, I promise to pay to the Aultman & Taylor Company, or bearer, seventy-two & 12-100 dollars, at bank at Lake City, value received, with interest at the rate of 7 per cent. per annum.

"P. J. GORHAM.
"F. L. DECKER."

The defendant Decker, upon the trial before the justice, pleaded the general issue, and gave notice as follows:

"1. That he joined as maker of said note declared upon in the cause as accommodation merely, and never had any interest in the consideration, and never received any benefit, either directly or indirectly, on account of the note; and plaintiff knew when it was made, and when it received said note, that the defendant was only in fact surety upon it for Gorham.

"2. That said note was given as part payment for a certain saw-mill purchased of plaintiff by Gorham; that a short time after said note was given, to wit, some time in the month of May, 1887, said mill was nearly all consumed by fire, and on or about June 1, 1887, the plaintiff herein verbally agreed that, in consideration of all the remainder of said saw-mill not consumed by fire being turned over to it, it would cancel said note and return it to said Gorham; that said Gorham immediately informed said Decker of the said agreement, and discharge of the note; and that said Decker had always supposed that said note had been paid until a short time before the suit was brought.

"3. That said Decker has never received any notice of the presentment and non-payment of said note, as agreed

between said plaintiff and said Decker when said note was executed."

The cause was tried before a jury, who returned a verdict in favor of the defendants. An appeal was taken to the circuit court for the county of Missaukee, where, upon a trial before a jury, the plaintiff had verdict and judgment by direction of the court. The defendants bring error.

It appeared upon the trial that the note was given in payment of a purchase by defendant Gorham of the saw-mill from the plaintiff. Defendant Decker claims to have signed the note at the request of Gorham and the agent of the plaintiff, and that he was a mere surety upon the note. Upon the trial he sought to show:

1. That he signed as a mere accommodation maker, and without any consideration moving to him.

2. That he executed it at plaintiff's request, and it was delivered to plaintiff upon condition that, if it was not paid at maturity, he would receive notice of the non-payment at once.

3. That the mill had been paid for and the note discharged.

Upon this last proposition the only claim made upon the trial was that, the mill for which the note was given having burned, the agent of the plaintiff thereafter agreed to take from the mill certain machinery, and give up the note. No claim is made that this agreement was ever carried out, or that the agent ever took possession of the machinery, or ever surrendered the note. Defendant Gorham testified that he wanted the agent to give up the note at that time, and to take the machinery, which he refused to do until he went and saw the attorneys of the plaintiff. From this testimony it is apparent that, if any such agreement was entered into, it was conditioned upon the approval of plaintiff's attorneys, as nothing further was done in regard to it.

Counsel for defendants claimed upon the trial, and claim here, that, though the note was in form the joint note of the two defendants as makers, yet, defendant Decker being a mere surety, he had the right to show that the condition was annexed to it by which he was to be released unless notice was given to him of non-payment of the note at its maturity, and that, no notice having been given at once after it became due, he was therefore released from all liability upon it. This proposition cannot be acceded to by this Court. The note itself was the contract between the parties, and it cannot be permitted to be altered or varied by proof of an oral agreement or understanding between the parties made at or before the time of its execution. By the contract made, defendant Decker seeks to limit his liability to a mere indorser, entitled to a notice of non-payment. He does not stand in that position towards this note, and he had no right to introduce parol proof to show that such was the agreement, and the court was not in error in excluding it. *Cook v. Brown*, 62 Mich. 473.

Defendant, upon his first proposition, that he was an accommodation maker, and no consideration moved to him, claims that he cannot be held liable upon the note, under the ruling of this Court in *Kulenkamp v. Groff*, 71 Mich. 675. In that case it appeared, however, that the surety on the note did not sign until after the note had been executed by the maker and delivered to the plaintiff. In the present case it appears that the agent of the plaintiff went to defendant Gorham's saw-mill, and had practically taken possession of it under a chattel mortgage, and the defendant Gorham, in order to get more time, executed the note, and Decker signed it before it was delivered to the plaintiff's agent. This was a sufficient consideration, not only to hold the maker, but the surety.

No fraud or mistake is claimed in the making of the note, and, under well-settled rules, the court very properly directed a verdict in favor of the plaintiff.

The judgment must be affirmed, with costs.

The other Justices concurred.