CHARLES R. SMITH AND WILLIAM S. SMITH v. GEORGE
KEMP.

92  357
119   42

*Partnership—Contract—Parol evidence.*

1. An independent undertaking by one partner to repay to his
copartner a sum of money advanced to him for the purpose
of furnishing a portion of the capital stock may be sued upon
at law; citing *Kinney v. Robison,* 52  Mich. 393; *Kinney v.
Tabor,* 62 Id. 517.

2. The owners of an hotel agreed to sell a one-third interest
therein, and in its furniture and fixtures, to a third party for
$4,000, payable on or before three years from the date of the
agreement. The agreement further provided that the vendors
and vendee were to move the hotel to another 'place, and
rebuild it, and own and operate it jointly as copartners.
And it is held that there is no ambiguity in the contract, so
far as it provides for the payment of the $4,000, and that it is
incompetent for the vendee to show by parol, in a suit brought
to recover said sum, that after the agreement was prepared,
and before it was signed, it was verbally agreed that the
$4,000 might be paid and should be retained out of the share
of the vendee in the profits which might arise out of the
partnership business during the three years, coupled with
proof that his share of said profits have amounted to more.
than enough to make such payment.

Error to Chippewa. (Steere, J.) Argued June 10,
1892. Decided June 17, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The
facts are stated in the opinion.

*H. M. Oren* and *E. S. B. Sutton,* for appellant, con-
tended :

1. The rule laid down in *Adair v. Adair,* 5 Mich. 204, that a
written contract must be conclusively presumed to express the
whole engagement of the parties, has several well-recognized
exceptions :

*a*—Where there is uncertainty as to the object and extent of the contract; citing 1 Greenl. Ev. § 275.

*b*—Where, from the circumstances of the case, the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them; citing 7 Amer. & Eng. Enc. Law, 91.

*c*—Where the original contract was verbal and entire, and a part only of it has been reduced to writing; citing Greenl. Ev. § 284*a*.

2. The court usurped the plain prerogative of the jury in interpreting the contract to them, and ignoring the uncontradicted testimony that the memorandum expressed only the written portion of the agreement, for, where a contract is partly in writing and partly oral, it becomes a question of fact to be submitted to the jury as to what its terms are; citing *Edwards v. Goldsmith*, 16 Penn. St. 43; *Morrell v. Frith*, 3 Mees. & W. 404; 3 Amer. & Eng. Enc. Law, 868.

3. The oral matter alleged by appellant as a part of the contract relates to matters upon which the writing is silent, and does not contradict or vary the terms of any portion of the writing.

*Goff & Cady*, for plaintiffs, contended for the doctrine of the opinion.

MONTGOMERY, J. The court below directed a verdict for the plaintiffs in the sum of $4,485.33, upon the following memorandum of agreement:[1]

"This memorandum, made this 17th day of September, A. D. 1886, by and between Charles R. Smith and William S. Smith, of Cheboygan, and George Kemp, of Sault Ste. Marie, all of the State of Michigan, witnesses as follows:

"The said Charles R. and William S. Smith are at present the owners of the hotel known as the 'Mullet Lake Hotel,' situated on Mullet lake, Cheboygan county, Mich., and hereby sell to the said George Kemp an undivided one-third interest in said hotel, and its furniture and fixtures, as it now stands, for the sum of four thousand dollars, to be paid as hereinafter stated. The said George Kemp hereby agrees to purchase an undivided one-third interest in said hotel, furniture, and fixtures, as aforesaid, for the sum of four thousand dollars, and

---

[1] This suit was commenced June 7, 1890.

to pay the same on or before three years from the date of this agreement.

"It is further agreed between the parties hereto that they shall take down the said hotel, and remove and rebuild the same in the village of Sault Ste. Marie, and to own and operate the same jointly, each to be liable for one-third of the expense of said taking down, removing, and rebuilding, the purchase of a site, and all other expenses of the enterprise, and to share equally in the profits or losses resulting from the same.

[Signed] "CHARLES R. SMITH.
"WILLIAM S. SMITH.
"GEORGE KEMP."

The defendant offered to show that the parties had removed the building to the village of Sault Ste. Marie, as contemplated in the agreement, and had engaged in the business of keeping an hotel, and that the profits on the business had amounted to sufficient so that the share thereof belonging to the defendant would more than pay the purchase price of his interest in the hotel, as agreed. He also offered to show that after the agreement was prepared, and before it was signed, a conversation occurred between the defendant and the plaintiffs, in which it was stated by the plaintiffs that they were willing to take out of the defendant's share of the business which might arise during the three years an amount up to the $4,000 contracted; and they agreed to accept payment of the sum of $4,000 out of Kemp's share of the profits of the business, and to retain that and accept it as payment, and that thereupon defendant signed the instrument. This offer of proof was rejected by the court, and, no further defense being offered, the court directed a verdict for the plaintiffs.

It also appeared in the testimony that a chancery suit was pending between the same parties relating to the copartnership transactions and for an accounting. Defendant further relies upon a statement contained in

the answer of Smith Bros. to the bill filed by Kemp, in which they say that they deny that said memorandum contained all the terms and conditions of said partnership.. But it should be noted that in the same answer they state the following:

"They allege that one of the prime objects of said memorandum was to evidence and define the terms of the sale of a one-third interest in the Mullet Lake Hotel, its furniture and fixtures as they then stood, by defendants to complainant, for the sum of $4,000, whereby complainant first got a standing in the firm, thereby becoming indebted to these defendants independently of any partnership relations, precisely the same as though he had dealt with any other persons."

So that it is apparent that the plaintiffs have not taken any position inconsistent with that which they now occupy.

An independent undertaking by a copartner to repay to his copartner a sum of money advanced to him, even though advanced for the purpose of furnishing a portion of the capital stock, may be sued upon at law, and recovery had. See *Kinney v. Robison,* 52 Mich. 393; *Kinney v. Tabor,* 62 Id. 517.

There is no ambiguity in this contract, so far as it provides that the sum of $4,000 shall be repaid to the plaintiffs on or before three years from the date of the instrument. This being so, it is incompetent to show by parol that the payment was to be made in some other way or time than that specified in the written instrument. *Richardson v. Hardwick,* 106 U. S. 252 (1 Sup. Ct. Rep. 213); *Hyde v. Tenwinkel,* 26 Mich. 93; *Adair v. Adair,* 5 Id. 204.

Judgment will be affirmed, with costs.

The other Justices concurred.