SHEFFLER *v.* SHERMAN.

1. CHATTEL MORTGAGES—BILLS AND NOTES—PAROL EVIDENCE.
   An absolute chattel mortgage accompanied by a note for a specified amount may not be contradicted or varied by parol evidence to show that the undertaking was given as security for a guaranty that a team traded by the mortgagor was worth a sum stated by him.

2. SAME.
   Under the clause contained in such mortgage authorizing the mortgagee to take possession of the property whenever she might deem herself insecure, defendant did not exceed her rights in taking possession of the property.

Error to Missaukee; Lamb, J. Submitted June 20, 1911. (Docket No. 114.) Decided September 29, 1911.

Replevin by Thurlow M. Sheffler against Minnie Sherman for certain cattle. Judgment for plaintiff. Defendant brings error. Reversed.

*O. S. Cross* and *John Nix,* for appellant.

*Gaffney & Miltner,* for appellee.

BROOKE, J. Plaintiff brought replevin to secure possession of two cows and a bull. April 13, 1908, defendant was the owner of two other cows and the bull in question. On that day the three head of cattle passed into the possession of plaintiff, and he gave to defendant a promissory note for $68, accompanied by a chattel mortgage covering the cattle and a horse. The note and mortgage were absolute upon their face and ran for one year. In September, 1908, plaintiff butchered the two cows, and with the proceeds of their sale secured two others. On December 3, 1908, he executed a new note and mortgage, also absolute in terms, upon the two new cows and the bull. This note and the mortgage collateral thereto fell

due on April 10, 1909. Defendant, deeming herself insecure, took possession of the cattle on March 25, 1909, and proceeded to foreclose her mortgage.

While the cattle were in her possession, plaintiff sued out a writ of replevin, upon which the cattle were taken and delivered to him. Upon the trial the plaintiff was permitted, over the objection of defendant, to introduce evidence tending to show that at about the time of the execution of the first note and mortgage by him he had traded a team of horses to defendant's husband for another horse and the three head of cattle, that in the trade he, plaintiff, had represented the value of one horse to be $125 and the other to be $40; that defendant's husband was not willing to accept his valuation of the team without security, and that he had executed the original note and mortgage simply as a guaranty that the team was worth the sum represented. He was likewise permitted to show that defendant's husband had sold one of the team for $40, and to offer evidence that the other horse was worth $125. There is no testimony in the case tending to show that defendant was the owner of the horse traded to plaintiff, or became the owner of the team. The defendant testified that she authorized her husband to sell her cattle for $68, and to take a note and mortgage therefor, but that she never authorized him to trade them in on the team, and had no interest in any of the horses. A careful reading of the entire record convinces us that the verdict of the jury, which sustained the contention of plaintiff as to the consideration for the note and mortgage, was against the weight of the evidence.

Our conclusion upon this point is, however, unimportant, as we are of opinion that the learned circuit judge erred in admitting testimony on the part of the plaintiff tending to show a verbal contemporaneous agreement which would "reduce the note from an absolute and specific undertaking, according to its terms and legal import, to a defeasible engagement." This, we have held, may not be done. *Hyde* v. *Tenwinkle*, 26 Mich. 93. See,

also, *Cook* v. *Brown*, 62 Mich. 473 (29 N. W. 46, 4 Am. St. Rep. 870); *Aultman & Taylor Co.* v. *Gorham*, 87 Mich. 233 (49 N. W. 486); *Smith* v. *Kemp*, 92 Mich. 357 (52 N. W. 639); *Dunham* v. *Provision Co.*, 100 Mich. 75 (58 N. W. 627); *Hutchinson* v. *Hutchinson*, 102 Mich. 635 (61 N. W. 60); *Phelps* v. *Abbott*, 114 Mich. 88 (72 N. W. 3); *Holmes* v. *Holmes*, 129 Mich. 412 (89 N. W. 47, 95 Am. St. Rep. 444); *Central Sav. Bank* v. *O'Connor*, 132 Mich. 578 (94 N. W. 11, 102 Am. St. Rep. 433); *Id.*, 139 Mich. 82 (102 N. W. 280).

Excluding this testimony, the record shows that at the time defendant took possession of the cattle she held plaintiff's promissory note upon which nothing had been paid, secured collaterally by a mortgage upon the stock. The mortgage empowered her to take possession of the chattels whenever she deemed herself insecure, and in exercising this power she acted clearly within her legal rights. Under the testimony properly admissible in this record, defendant was entitled to a directed verdict.

The judgment is reversed, and a new trial ordered.

MOORE, McALVAY, and STONE, JJ., concurred with BROOKE, J. BLAIR, J., concurred in the result.