HOLLAND CITY STATE BANK v. MEEUWSEN.

EVIDENCE—WRITTEN INSTRUMENTS—PAROL EVIDENCE.

In a suit upon a promissory note given plaintiff for the purpose of releasing defendants' property from execution, parol evidence that it was given conditionally for a specified purpose was not admissible, as it was but an attempt to reduce a written instrument from an absolute, unqualified undertaking according to its written terms to a conditional, defeasible agreement.[1]

Error to Ottawa; Cross, J. Submitted June 13, 1916. (Docket No. 48.) Decided July 21, 1916.

Assumpsit by the Holland City State Bank against John Meeuwsen and others on a promissory note.

[1]As to right to show by parol evidence that indorsement unrestricted in form, was made for purpose of collection only, see note in 17 L. R. A. (N. S.) 839.

Judgment for plaintiff on a verdict directed by the court. Defendants bring error. Affirmed.

*Charles E. Misner* and *Charles E. Soule,* for appellants.

*Arthur Van Duren* and *George E. Kollen,* for appellee.

STEERE, J. Plaintiff recovered judgment in the circuit court of Ottawa county, upon a directed verdict against defendants, for the sum of $419.04, as a balance then due upon the following promissory note:

"HOLLAND, MICH., March 21, 1914.
"Six months after date we promise to pay to the order of Holland City State Bank, $503.26, five hundred three dollars and twenty-six cents, with interest at the rate of seven per cent. per annum, payable at Holland City State Bank, Holland, Michigan, value received.
"Due Sept. 21.
"[Signed] JOHN MEEUWSEN."

And indorsed on the back thereof:
"[Signed] JOHANNES MEEUWSEN.
"[Signed] TEUNIS EILANDER.
"[Signed] CORNELIUS BAZAN.
"[Signed] JOHN VAN LENTE."

Defendants' signatures to the note, its protest for nonpayment when due, and the *prima facie* balance yet unpaid, are not in dispute.

It is contended in defendants' behalf that under a notice of special defense they had introduced testimony showing, or tending to show, that their signatures to this note were obtained fraudulently, that it was given without consideration and delivered conditionally for a specified purpose, thus at least raising an issue of fact, which should have been submitted to the jury under appropriate instructions; and the court therefore erred in directing a verdict for plaintiff.

It appeared that the maker of this note, John Meeuwsen, had frequently signed, either as maker or indorser, notes given by one Benjamin Van Raalte to the Holland City State Bank, plaintiff herein, from which Van Raalte was in the habit of borrowing. Meeuwsen states that "by doing it so often I learned to write my name that way."

Two of Van Raalte's notes to plaintiff, indorsed by Meeuwsen, which had become past due and not paid or provided for by the maker, were put in judgment against both maker and indorser; following which execution was duly issued and a levy made upon certain property of Meeuwsen to satisfy the judgment which amounted to $503.26. The note here sued upon was given for that amount by Meeuwsen, indorsed by the other defendants who were his friends and neighbors, to obtain a release of the levy, on the day advertised for sale of the property seized under the execution, and when the sheriff, who was accompanied by plaintiff's attorney, was about to proceed with the sale. Meeuwsen either had not attempted to protect his indorsement of the Van Raalte notes, or had been unsuccessful in the attempt and an unsatisfied judgment stood against both, to collect which Meeuwsen's property was levied upon. What Van Raalte's financial condition was at the time the note in question was given, March 21, 1914, and whether he was execution proof, are inferential; but it is shown that he became a bankrupt on April 2, 1914, 12 days later, and that defendant Meeuwsen filed a sworn statement of claim against him in the bankruptcy proceeding for $503.26, just the amount required to satisfy the judgment, paying plaintiff the interest on this note when it fell due six months after it was given, and two months later $100 on the principal.

In view of these facts, the claim that this note was given without consideration calls for scant attention.

The indorsers were accessory promissors for the maker's accommodation, lending their credit to him at his request, and it will scarcely be contended that a consideration to them is a condition of their liability.

The fraud claimed is based upon alleged representations, assurances, and promises given by plaintiff's attorney that he could and would collect the amount of the execution from Van Raalte and the signers of the note would not be called upon to pay it. It was testified by them, or some of them, against objection, that when oif the advertised day of sale plaintiff's attorney accompanied the officer to defendant John Meeuwsen's place with the execution, John complained to him that Van Raalte ought to pay it, and it was a shame that he did not, to which the attorney agreed and proposed that if John would give a new note to the bank with sufficient signers he would collect the money from Van Raalte if John would pay him 25 per cent. for collecting it, and assured them, as indorser Johannes Meeuwsen states it:

"If we would give a note to satisfy the bank for 24 hours, so he could sue Van Raalte, so he would have the money; that is what we were giving the note for; * * * we signed that note just simply for accommodation, for a few days, until that money was collected."

Much more testimony to this effect was given by the two Meeuwsen brothers. Eilander testified that the attorney said, before they signed the note on March 21, 1914, "he had made Meeuwsen a good offer; that he would arrest Van Raalte and collect the note for 25 cents on the dollar"; and that Meeuwsen agreed he would pay the attorney 25 cents on the dollar "for everything that he collected from Van Raalte for him." Neither this witness, Bazan, nor Van Lente testified that they were induced to indorse the note by the attorney's promises and representations. Van Lente

only testified that he signed the note in the bank at the request of John Meeuwsen; Bazan testified that he signed the note at the request of one of the Meeuwsen brothers, and although at the farm, on March 21st, there was no conversation with him there about signing a note, but he heard of it.

The evidence is conclusive that all these defendants knew just what they were signing. Those claiming they were deceived into doing so knew the note was payable to plaintiff, ran for six months, and was to prevent an execution sale of John Meeuwsen's property. The representations of the attorney, if made to the full extent testified to by any witness, were but promises of future performance on his part in connection with a contract between him and Meeuwsen to collect the amount involved for a commission. His duties as attorney for plaintiff were to collect or protect the execution levy. There is no evidence or presumption of authority on his part to release the execution without consideration, on the contingent signing and temporary delivery of a note, which was a nullity in any event under his claimed promises; neither is it shown plaintiff had any knowledge that this negotiable paper, fair on its face, was modified or rendered worthless by a collateral, oral, private agreement between the maker and plaintiff's attorney, for the latter's services. Under the undisputed facts in this case, defendants' testimony along those lines, as the trial court ultimately held, was wholly incompetent, and but an attempt to reduce this written instrument from an absolute, unqualified undertaking according to its written terms to a conditional, defeasible agreement, by proof of a contemporaneous, oral contract. The court properly rejected such evidence. *Sheffler* v. *Sherman*, 167 Mich. 42 (132 N. W. 466), and cases there cited.

We note, also, as suggesting that the questions raised

in this case may be somewhat academic at this time, that in denying defendants' motion for a new trial on October 26, 1915, the trial judge states as one of his reasons for so doing: "The judgment has been fully satisfied by the defendants."

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, BROOKE, and PERSON, JJ., concurred.