### COOPER *v.* SONK.

BILLS AND NOTES — NEGOTIABLE INSTRUMENTS LAW — PAROL EVIDENCE—IRREGULAR INDORSERS—STATUS.

> In an action on a promissory note indorsed by defendants on the back, it was not competent to show that such note was the obligation of the corporate maker only and that the indorsements were not made in their individual capacity, since such testimony tended to vary or explain by parol the terms of a written instrument in violation of sections 65 and 66 of the negotiable instruments law (2 Comp. Laws 1915, §§ 6104, 6105).

Error to Wayne; Van Zile, J. Submitted April 10, 1918. (Docket No. 60.) Decided June 3, 1918.

Assumpsit in justice's court by Arnold B. Cooper, doing business as A. & W. Cooper, against Michael Sonk and others on a promissory note. There was judg-

See note in 19 L. R. A. (N. S.) 136.

ment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendants bring error. Affirmed.

*John J. Zimmer,* for appellants.

*Dingeman & Schueler,* for appellee.

KUHN, J. This action was brought in the justice's court for the city of Detroit to recover from the defendants, as indorsers, the balance claimed to be due on a certain promissory note, of which the following is a copy:

"$600.00       DETROIT, MICHIGAN, February 1, 1915.

"Six months after date we promise to pay to the order of A. and W. Cooper six hundred dollars at the Wayne County and Home Savings Bank, Detroit, Michigan, for value received, with interest at six per cent. per annum.

(Sgd.) "ST. MICHAEL'S ARCHANGEL POLISH
NATIONAL CATHOLIC CHURCH.
"M. SONK.
"VICTOR GORNIAK.
"A. CITORSKI."

On the back of the note appear the names of the said M. Sonk, Victor Gorniak and A. Citorski and also of the twelve other defendants. The note was not paid at maturity and was duly protested. Judgment for $500 was rendered in favor of plaintiff by the justice of the peace, and on appeal the circuit judge directed a verdict in plaintiff's favor for the same amount.

The note was given in renewal of a prior note which had been accepted by the plaintiff in lieu of filing a lien against the church property for materials furnished in the erection of said church. Mr. Gage Cooper, plaintiff's manager, testified that when the settlement by note was proposed, the representatives of the church agreed to have the note indorsed by some men

of financial responsibility; that he looked up the proposed indorsers, found they were all right, and took the note with their indorsement. It is the claim of the defendants that the note was the note of the church corporation solely; that the names appearing on the face and back of the note were the names of the committee of the church and was signed by those persons as committeemen and not in their individual character, and that the plaintiff knew and understood this fact at the time the note was taken. Upon the trial the defendants attempted to introduce testimony to show these facts, but the court, upon objection by plaintiff's counsel, refused to admit it, on the ground that the unqualified signatures on the note could not be explained or varied by parol evidence. Whether or not the court erred in refusing to admit this testimony is the question raised by the appellants' assignments of error.

Section 65 of Act No. 265 of the Public Acts of 1905 (2 Comp. Laws, 1915, § 6104), known as the "negotiable instruments law," provides:

"A person placing his signature upon an instrument, otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Section 66 of the same act also provides as follows:

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules:

"*First.* If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties.

"*Second.* If the instrument is payable to the order of the maker or drawer, or is payable to bearer, he is liable to all parties subsequent to the maker or drawer.

"*Third.* If he signs for the accommodation of the
201—Mich.—42.

payee he is liable to all parties subsequent to the payee."

Mr. Bunker, in his work on Negotiable Instruments, in which he has annotated this act, in a foot-note to the last section above set forth, in reviewing the decisions applicable thereto, says:

"The statute seems to fix absolutely the status of the irregular indorser and thus excludes parol testimony to vary his liability. The only question of fact would seem to be, Did the person 'not otherwise a party to the instrument' place his signature thereon 'before delivery?'"

From the instrument here in question it appears that the indorsements on the back of the note were unqualified, and in accordance with the decisions of this court we are of the opinion that parol evidence is not admissible to vary the terms of this negotiable instrument. As was recently said by Mr. Justice STEERE in the case of *Holland City State Bank* v. *Meeuwsen,* 192 Mich. 326:

"Under the undisputed facts in this case, defendants' testimony along those lines, as the trial court ultimately held, was wholly incompetent, and but an attempt to reduce this written instrument from an absolute, unqualified undertaking according to its written terms to a conditional, defeasible agreement, by proof of a contemporaneous, oral contract. The court properly rejected such evidence. *Sheffler* v. *Sherman,* 167 Mich. 42 (132 N. W. 466), and cases there cited."

The court ruled properly in rejecting the testimony in controversy.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.