## DIAMANT *v.* CHESTNUT.

1. EVIDENCE—WRITTEN CONTRACT—PAROL EVIDENCE — ADMISSIBILr
ITY.

A certified check, given by defendant in a replevin suit to
the sheriff "as an indemnity bond in action for replevin,"
*held,* to create a contract clear and unambiguous, and that
parol evidence was inadmissible to show that the check
was received for any other purpose than that of indemnity.

2. INDEMNITY.

To indemnify is to secure, to save harmless from loss or
damage.

3. SHERIFFS AND CONSTABLES—REPLEVIN—INDEMNITY BOND—LIA-
BILITY.

Where the sheriff, instead of holding a certified check as
an indemnity bond in replevin suit, as recited on its face,
surrendered it to the plaintiff in replevin, who cashed
it and discontinued the suit, he was liable for the amount
of the check, in an action therefor; it being undisputed
that he has not been damnified nor sustained any loss in
the premises.

Error to Genesee; Brennan, J. Submitted October
22, 1918. (Docket No. 97.) Decided December 27,
1918.

Assumpsit by Harry Diamant against John S. Chest-
nut, sheriff of Genesee county, for the amount of a
certified check given as a pledge. Judgment for de-
fendant. Plaintiff brings error. Reversed.

*Farley & Selby,* for appellant.

*Brownell & McBride,* for appellee.

STONE, J. The issue in this case is well stated in
the pleadings. The claim of the plaintiff, by his dec-
laration, is that on September 20, 1917, a writ of
replevin was issued from the circuit court for the

county of Genesee wherein the Flint Lumber Company was plaintiff, and this plaintiff was the defendant; that said writ was placed in the hands of the undersheriff of the county, who with said writ went to the place of business of this plaintiff, where the property described in the writ was located; that the officer did not take into his possession the property, nor cause any appraisal thereof to be made as provided by statute, but informed this plaintiff that unless he gave a bond forthwith, he would take the property away from the latter's premises; that the plaintiff herein, being unable to furnish a bond forthwith, was required by the said undersheriff to place in his hands, and payable to John S. Chestnut, sheriff of said county, a certified check in the sum of $500, to be held by said sheriff in the place and stead of the bond required by statute, said check having on its face the title of the cause in which said writ was issued, and containing in writing on its face the contract between this plaintiff and the said sheriff; that said check was being held as an indemnity bond in said action; that said sheriff, instead of holding said certified check as an indemnity bond, and in violation of the terms of the contract written on the face of said check, transferred said check and the money represented thereby, by his indorsement thereon, to the Flint Lumber Company aforesaid, which company cashed said check and discontinued said replevin suit; that the plaintiff herein has a good and meritorious defense to the claim of said Flint Lumber Company in said suit, and gave said certified check as an indemnity bond for the purpose of being able to retain the property named in said writ, until he could have an opportunity to make said defense in the court which issued the writ; that by the action of the defendant herein as sheriff, plaintiff has been deprived of the money represented by said certified check, and

of his said defense; that by reason of the premises the defendant herein has become indebted to the plaintiff in the sum of $500 and interest thereon from said September 20, 1917, which he has refused to pay although often requested so to do.

The plea was the general issue, with a notice of special defense, that at and before the time of the making and delivery of said certified check, it was agreed by and between the Flint Lumber Company and the plaintiff herein that said John S. Chestnut, sheriff, or his deputies, should not execute said writ of replevin, but that the plaintiff herein would deposit with the undersheriff a certified check for $500 to be held by the latter until 9 o'clock in the morning of September 24, 1917, at which time if a bond in twice the value of said property was filed by the plaintiff herein with said sheriff, the said check was to be returned to the plaintiff herein, and the replevin suit was to proceed to trial, but otherwise said check was to be turned over by said sheriff to the Flint Lumber Company in full settlement of its claim of $538 against the plaintiff herein, on account of the purchase by the latter of the property in question, and said replevin suit was to be discontinued; that said Flint Lumber Company, through its proper agents and attorneys, then and there agreed with the plaintiff herein to settle in full its said claim for $500 upon the condition herein fully set forth; that instructions to that effect were given to the said undersheriff at said time by the plaintiff herein; that thereafter the plaintiff utterly refused and neglected to furnish said bond, and said check was turned over by the defendant to said Flint Lumber Company in accordance with the instructions received from the plaintiff herein, at the time said check was given; and that the defendant herein, in turning over said check to the said lumber company, merely carried out the instructions given by

the plaintiff herein to him at the time of the delivery of the said check as aforesaid, which was in accordance with the terms of the settlement aforesaid.

The said check was in the words and figures following:

"Diamond Millinery Co., Inc.                    No. 712
    "Flint Lumber Co.
        "vs.
    "Harry Diamant
            "Flint, Michigan, Sept. 20", 1917.
    "Pay to the order of John S. Chestnut, Sheriff Genesee County $500 as an indemnity bond in action for replevin.
"Five Hundred ......................... Dollars
            "Diamond Millinery Co., Inc.,
                    "Harry Diamant,
    "To                        "Secy. and Treas.
"Union Trust & Savings Bank,
    "Flint, Michigan.
"74-53
            (On face of check)
    "Certified Sept. 20, 1917.
        "Union Trust & Savings Bank,
            "Flint, Mich.
    "W. E. McInnis, Teller.
        "Paid 9-25-17.
            (Endorsed on back)
"John S. Chestnut,
    "Sheriff Gen. Co.
"Homer J. McBride,
    "Flint Lumber Co.,
        "Per R. Kleinpell, Treas."

At the trial testimony was offered and received tending to sustain the claim of each party, and there was a sharp conflict in the evidence upon the facts involved.

The case was submitted to the jury, and the trial resulted in a verdict and judgment for the defendant. The evidence offered and received on behalf of defendant tending to show his claim as set forth in his notice under the general issue, was all objected to by

plaintiff's counsel as incompetent and immaterial, and varied the terms of the written contract or check, by parol. The objections were overruled.

At the close of the testimony on behalf of defendant, plaintiff's counsel moved the court for a directed verdict for the plaintiff for the following reasons:

*First.* That the certified check which was given to the defendant was a pledge, under the evidence offered by the defendant, that a bond would be given on a fixed day, and that the check on its face contains a written contract.

*Second.* That the sheriff, having turned over this check to the Flint Lumber Company without notice to the plaintiff, is liable.

The motion was overruled.

The plaintiff's fifth request to charge was to the effect that, under the undisputed evidence in the case, the verdict should be for the plaintiff for the amount of the said check, with interest from the date of demand, at five per cent. per annum. This request was refused.

The plaintiff made a motion for a new trial for the reasons that the verdict was clearly against the weight of the evidence; that the court erred in admitting testimony to vary and contradict the terms of the written contract on the face of the check, upon which plaintiff based his claim in this action; that the court erred in refusing to direct a verdict in favor of the plaintiff, and against the defendant at the close of the defendant's testimony; and that the court erred in refusing to give the plaintiff's fifth request to charge. The motion was denied, and exceptions were duly taken. The plaintiff has brought the case here for review, and by his assignments of error the same questions are raised as in the motion for a new trial.

Counsel for plaintiff and appellant argue the following questions:

(1) Whether or not the certified check delivered to the defendant, with the contract written upon its face, was a pledge.

(2) If the certified check was not a pledge, whether or not it was sufficient, under the statutes of this State, as a replevin bond.

(3) Whether or not parol testimony could be introduced to vary and contradict the terms of the written contract on the face of the check.

1. We will consider the last question first. It is the claim of appellant that the writing on the face of the check, consisting of the title of the case and the words: "as an indemnity bond in action for replevin," was plain and unambiguous, and could not be varied or contradicted, or the character of the instrument changed by contemporaneous parol testimony, and that it makes no difference whether the instrument constituted a pledge, or a replevin bond, so far as the rule concerning the admission of parol testimony is concerned.

*Thomas* v. *Scutt,* 127 N. Y. 133 (27 N. E. 961), is cited. In that case the court, in speaking of the rule which allows parol testimony to be introduced to explain a written contract, said:

"Two things, however, are essential to bring a case within this class: (1) The writing must not appear, upon inspection, to be a complete contract embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties, for in such case it is conclusively presumed to embrace the entire contract. (2) The parol evidence must be consistent with and not contradictory of the written instrument."

The following cases in this court, also, are cited: *Coots* v. *Farnsworth,* 61 Mich. 497; *Morris & Co.* v. *Lucker,* 158 Mich. 518, 520; *Sheffler* v. *Sherman,* 167 Mich. 42; *Foley* v. *Railway Co.,* 168 Mich. 496; *Solomon* v. *Stewart,* 184 Mich. 506 (Ann. Cas. 1917A,

942) ; *Holland City State Bank* v. *Meeuwsen,* 192 Mich. 326, 330.

Upon this question it is the claim of defendant's counsel that the writing in this case is not plain and unambiguous, and that parol testimony was admissible to show what was the meaning and intention of the parties, and the following Michigan cases are cited: *Powers* v. *Hibbard,* 114 Mich. 533; *Mathews* v. *Phelps,* 61 Mich. 327, 332 (1 Am. St. Rep. 581) ; *Switzer* v. *Pinconning Manfg. Co.,* 59 Mich. 488.

We are of the opinion that the contract is clear and unambiguous, and admits only of one construction. The check was intended to indemnify the sheriff, a public officer, in the replevin suit. To indemnify is to secure, to save harmless, from loss or damage. He had, at the request of the defendant in that suit (the plaintiff here), deferred the service of a writ of replevin. To save himself harmless he accepted this instrument. We think it was not competent to show by parol evidence that he received it for any other purpose than that of indemnity, and that the court erred in admitting such testimony. This contract cannot be reformed in this suit. The admission of such testimony and its submission to the jury constituted reversible error.

2. It is undisputed that the writ of replevin was never served. Instead of proceeding to serve the process in his hands, as a public officer, the sheriff deferred action thereon, and accepted the check to secure himself from any resulting damage. It is undisputed that he has not been damnified, nor has he sustained any loss in the premises. Instead of holding the check as security and indemnity, as was his plain duty under its terms, he caused the same to be cashed, by indorsing it over and delivering it to the Flint Lumber Company, which company obtained the cash thereon, to the damage of the plaintiff herein. It is

undisputed that later, and within a few days, a regular replevin bond was tendered by the plaintiff herein, to the sheriff, and the surrender of the check demanded, but refused.

In any view of the case which we are able to take, on the face of this record, a verdict and judgment should have been directed for the plaintiff for the amount claimed. The judgment below is reversed and a new trial granted with costs to appellant.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.