### PRICE *v.* KLETT.

1. Bills and Notes—Evidence—Parol Evidence—Negotiable Instruments.

    The purport of a negotiable instrument as it appears from the writing itself may not be changed by parol evidence.

2. Same—Notice to Comaker of Nonpayment Not Necessary.
    As to comakers, payee is under no obligation to give notice of nonpayment of negotiable instrument.

3. Same—Maker May Not Change Obligation by Extrinsic Evidence—Indorser.

    Where no uncertainty or ambiguity appears from face of paper as to one having signed it as maker, he may not change terms or tenor of his obligation by extrinsic testimony to detriment of payee or holder in due course, except where, without consideration, maker has signed instrument for accommodation of payee, when, as between original parties, want of consideration may be shown.

4. Same—Payee Named in Note is Holder in Due Course.
    In absence of contrary showing, payee named in promissory note payable to order is holder in due course, or at least he stands in same position relative to negotiable instrument as holder in due course.

5. Same—Evidence—Comaker—Accommodation Indorser.
    Where instrument containing words "I promise to pay," is signed by two persons, they are jointly and severally liable thereon (2 Comp. Laws 1929, § 9266), and evidence is inadmissible to show that comaker was accommodation indorser only.

Error to Jackson; Williams (Benjamin), J. Submitted June 12, 1931. (Docket No. 99, Calendar No. 35,428.) Decided October 5, 1931.

On payee as a holder in due course, see annotation in 15 A. L. R. 437; 21 A. L. R. 1365; 26 A. L. R. 769; 32 A. L. R. 289; 68 A. L. R. 962.

Assumpsit by Effie Price against Charles Klett on a promissory note. Judgment for plaintiff. Defendant brings error. Affirmed.

*Whiting, Kleinstiver & Aubrey,* for plaintiff.

*Hendryx & Mosier (John A. Dahlem,* of counsel), for defendant.

NORTH, J. For money loaned to one Elton Lahr incident to his purchasing a stock of drugs and store fixtures in December, 1921, plaintiff took a promissory note for $1,800 signed by Lahr and the defendant, Charles Klett. The note matured in one year. It was not paid, but two years after maturity the amount was reduced by a payment of $800 and a new note for $1,000 given to plaintiff. This note was also signed by Klett as well as Lahr and after maturity this note was surrendered and the note in suit given. It reads:

"$1000 no/100                                     March 21/1927.
   "Five months after date I promise to pay to the order of Miss Effie Price, one thousand and no/100 dollars at six per cent. per annum.          ' .
   "Value received.
   "No. 4.  Due 8/21/27   (Signed) "ELTON LAHR,
                                   (Signed) "CHAS. KLETT.''

Before this suit was started Lahr became insolvent. Plaintiff has sued Klett as a comaker. He claims he is not a maker on this note, but instead an accommodation indorser. On plaintiff's motion for summary judgment she prevailed, and took judgment for $919.91. Defendant reviews by writ of error, and asserts that, because of the notice under his plea and by reason of the facts disclosed at the hearing of the motion for summary judgment, an

issue of fact was presented as to whether he was a comaker or only an accommodation indorser. There was neither presentation for payment nor notice of nonpayment at maturity; and in consequence thereof defendant claims to have been released from liability. If defendant is a comaker failure to give him notice of nonpayment would not release him from liability; but if he is an indorser his liability has terminated because notice of nonpayment was not given (2 Comp. Laws 1929, § 9338). The question presented is this: Did the circuit judge err in holding as a matter of law that defendant was a comaker?

Appellant claims since only the original parties to this note are concerned he may establish by parol evidence the true character or capacity in which he executed the instrument, *i. e.,* whether he is a maker or indorser. Appellee takes the position that the note is an undertaking in writing signed by appellant, and its terms or purport may not be varied by extrinsic testimony. We think the provisions of the negotiable instruments act are so plain in this particular that they are decisive.

"The person primarily liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same." 2 Comp. Laws 1929, § 9249.

"Where an instrument containing the words 'I promise to pay,' is signed by two or more persons, they are deemed to be jointly and severally liable thereon." 2 Comp. Laws 1929, § 9266.

"The maker of a negotiable instrument by making it engages that he will pay it according to its tenor." 2 Comp. Laws 1929, § 9309.

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument." 2 Comp. Laws 1929, § 9319.

Numerous decisions are to the effect that the purport of a negotiable instrument as it appears from the writing itself may not be changed by parol evidence. *Sheffler* v. *Sherman,* 167 Mich. 42; *Holland City State Bank* v. *Meeuwsen,* 192 Mich. 326. Unless this rule is applied between the payee seeking to enforce the obligation and those who appear as makers on the face of the instrument, every promissory note of two or more comakers will be rendered insecure and unreliable as evidence of the character of the obligation of such makers to the payee. As to comakers, the payee is under no obligation to give notice of nonpayment of a negotiable instrument. Yet if such notice was not given, under defendant's contention, liability after maturity of any or all of such makers would become a matter of oral proof if any of them claimed to be indorsers only. Where no uncertainty or ambiguity appears from the face of the paper as to one having signed it as a maker, he cannot change the terms or tenor of his written obligation by extrinsic testimony to the detriment of the payee or a holder in due course. An exception to this rule may arise where without consideration a maker has signed the instrument for the accommodation of the payee. Lack of consideration for such an undertaking as between the original parties may always be shown. *Barden* v. *A. Heller Sawdust Co.,* 240 Mich. 549. But as bearing upon the admission of parol testimony, see, also, *Cooper* v. *Sonk,* 201 Mich. 655.

In the absence of a contrary showing, and there is none here, the payee named in a promissory note payable to order is a holder in due course, or at least he stands in the same position relative to the negotiable instrument as a holder in due course. *Merchants' National Bank* v. *Smith,* 59 Mont. 280 (196

Pac. 523). Of the negotiable instruments act it has been said:

"It determines the liability of the various parties to the negotiable instrument on the basis of that which is written on the paper. The obligation of all makers, whether for accommodation or otherwise, is to pay to the holder for value according to the terms of the bill or note. Their obligation is primary and absolute. * * * The act makes no provision for the proof of another and different relation than that expressly undertaken and defined by the tenor of the instrument signed. The fact that one is an accommodation maker gives rise to a duty no less or greater or different to the holder for value than that imposed upon a maker who received value. This is expressly provided by the act, even though such holder knew at the time of making that the maker was an accommodation maker." *Union Trust Co.* v. *McGinty*, 212 Mass. 205 (98 N. E. 679, Ann. Cas. 1913 C, 525).

In passing upon this case we have not overlooked the fact that plaintiff at times has referred to defendant as an "indorser" on the Lahr notes. Such casual use of terms which have a more or less technical meaning in law would not justify a holding which modified or changed the plain purport of a negotiable instrument.

Judgment is affirmed, with costs to appellee.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.